UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-30136 MAP

---

DONOVAN BROTHERS, INC., and ELSIE M.
LAFOND,

      Plaintiffs

v.

JOSEPH FONTAINE, JOANNE HEBERT and
ROBERT W. PIKE, JR., as they are the Zoning
Board of Appeals of the Town of Montgomery, and
ELWIN R. CLARK, JR., as he is the Building
Inspector & Zoning Enforcement Officer of the
Town of Montgomery,

      Defendants

NOTICE OF REMOVAL

---

    TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS:

    Now come all defendants, Joseph Fontaine, et al., pursuant to the provisions of 28 U.S.C.

§§1441 and 1446, and hereby file notice of the removal of this action from the Superior Court

Department of the Trial Court of the Commonwealth of Massachusetts, County of Hampden,

where it is currently pending, based upon the following grounds:

    1.    This is an action in which the plaintiff alleges violations of rights secured by the

United States Constitution by the defendants, see Complaint (¶26), affixed hereto and

incorporated by reference, as well as various state law claims.

    2.    This Court has jurisdiction over the plaintiffs' federal claims pursuant to 28

U.S.C. §1331, and the entire case may be removed pursuant to 28 U.S.C. §1441.

    3.    Removal is timely, as this action was served on the defendants no earlier than

May 12, 2005, and the original Notice of Removal was filed on June 13, 2005.[1]

---

[1]June 11, 2005 (30 days from May 12, 2005), was a Saturday.



Signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

DEFENDANTS,

JOSEPH FONTAINE, ET AL.,

By their attorneys,

Joel B. Bard (BBO# 029140)
Jonathan D. Eichman (BBO# 641227)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

253582/MONT/0007

2

# Commonwealth of Massachusetts
## County of Hampden
## The Superior Court

CIVIL DOCKET# **HDCV2005-00479-B**

RE:  **Donovan Bros Inc et al v Fontaine et al**

TO: Frank E Antonucci, Esquire
Antonucci & Associates (Frank E)
83 State Street, Suite 203
2nd floor
Springfield, MA 01103

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 05/27/2005 |
| Response to the complaint filed (also see MRCP 12) | |
| All motions under MRCP 12, 19, and 20 filed | 10/03/2005 |
| All motions under MRCP 15 filed | 10/03/2005 |
| All discovery requests and depositions completed | 03/02/2006 |
| All motions under MRCP 56 served and heard | 04/01/2006 |
| Final pre-trial conference held and firm trial date set | 05/01/2006 |
| Case disposed | 06/30/2006 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session B sitting in **Courtroom 5 - 3rd fl (50 State St.,Springfield) at Hampden Superior Court.**

Dated: 05/18/2005

Marie G. Mazza
Clerk of the Courts
BY: Kevin Claffey/Stephanie Roscoe
Assistant Clerk

Location: Courtroom 5 - 3rd fl (50 State St.,Springfield)
Telephone: 413 735-6017

cvdtrack_2.wpd 610108 inidocll liebeldo

by Montgomery
* MAY 12 AM 10:41

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05· 479 | Trial Court of Massachusetts Superior Court Department County: HAMPDEN |
|---|---|---|

| PLAINTIFF(S) Donovan Brothers, Inc. and Elsie M. LaFond | DEFENDANT(S) Joseph Fontaine, Joanne Hebert, and Robert W. Pike, Jr., as they are the Zoning Board of Appeals for the Town of Montgomery, and Elwin R. Clark Jr. as |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Frank E. Antonucci, Esq. 83 State Street, Suite 203 Springfield, MA 01103-2009 Board of Bar Overseers number: 020260   (413) 737-4667 | ATTORNEY (if known) he is the Building Inspector and Zoning Enforcement Officert of the Town of Montgomery |

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| C02 | ZONING APPEAL | ( F ) | ( ) Yes  ( x ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .

                                                                    Subtotal $. . . . . . . . . . .

Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . $. . . . . . . . . . .
Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
Other documented items of damages (describe)

                                                                    $. . . . . . . . . . .

Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                    $. . . . . . . . . . .
                                                            TOTAL $. . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

ovide a detailed description of claim(s):

                                                            TOTAL $. . . . . . . . . . .

LEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
            N/A

I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on ispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute esolution services and discuss with them the advantages and disadvantages of the various methods."

ignature of Attorney of Record _____    DATE: 5/6/05
                        Frank E. Antonucci, Esq.

## COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.                                SUPERIOR COURT DEPARTMENT
                                            CIVIL ACTION NO.

DONOVAN BROS, INC., and
ELSIE M. LAFOND,
            Plaintiffs

vs.                                         (COMPLAINT FOR) APPEAL PURSUANT
                                            TO MASSACHUSETTS GENERAL LAWS
                                            CHAPTER 40A, SECTION 17

JOSEPH FONTAINE, JOANNE HEBERT
and ROBERT W. PIKE, JR.,
as they are the Zoning Board of Appeals
of the Town of Montgomery, and
ELWIN R. CLARK, JR.,
as he is the Building Inspector &
Zoning Enforcement Officer of
the Town of Montgomery,
            Defendants

### JURISDICTION

1.   This Court has jurisdiction pursuant to General Laws Chapter 40A, section 17.

### PARTIES

2.   The Plaintiff, DONOVAN BROS, INC. (hereinafter referred to as "DONOVAN
     BROS."), is a domestic corporation duly organized under the laws of the Commonwealth
     of Massachusetts, with a principal place of business located at 87 Worthington Road,
     Huntington, Hampshire County, Massachusetts.

3.   The Plaintiff, ELSIE M. LAFOND, is a natural person residing at 32 Littleville Road,
     Huntington, Hampshire County, Massachusetts.

4.   The Defendants, JOSEPH FONTAINE, JOANNE HEBERT, and ROBERT W. PIKE,
     JR., are members of the Zoning Board of Appeals of the Town of Montgomery
     (hereinafter referred to as the "MONTGOMERY ZONING BOARD OF APPEALS"),
     who reside as follows:

JOSEPH FONTAINE,
JOANNE HEBERT,
ROBERT W. PIKE, JR.,

3 Birch Bluff Road, Montgomery, MA
1582 Russell Road, Montgomery, MA
1689 Russell Road, Montgomery, MA

5.   The Defendant, ELWIN R. CLARK, JR., is a natural person and is employed as the Building Inspector & Zoning Enforcement Officer of the Town of Montgomery (hereinafter referred to as the "MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER"), with offices located at the Town of Montgomery, Building Department, 161 Main Road, Montgomery, Hampden County, Massachusetts.

## FACTUAL ALLEGATIONS

6.   The Plaintiff, ELSIE M. LAFOND, is the present owner of the premises known as and located at Carrington Road, Montgomery, Hampden County, Massachusetts, which land has been designated by the Montgomery Assessor's Office as parcels 1-350-8 and 1-236-88 (hereinafter referred to as the "Premises").

7.   The Premises is located in the so-called "Agricultural-Residential" zone district in the Town of Montgomery, which is the only zone district enacted for the entire Town of Montgomery (a copy of the Zoning Bylaw for the Town of Montgomery is attached hereto as Exhibit "A").

8.   There is no prohibition or restriction contained within the Zoning Bylaw for the Town of Montgomery from using property within the Town of Montgomery for earth removal purposes, including the removal of gravel, sand and loam.

9.   There are approximately six (6) gravel pits/earth removal operations that have been and are presently operating within the Town of Montgomery's so-called "Agricultural-residential" zone. Said gravel pits/earth removal operations have been and are currently allowed to operate within the Town of Montgomery, without restriction or requirement for a permit or special permit under the Zoning Bylaw for the Town of Montgomery.

10.   The Plaintiff, ELSIE M. LAFOND, and her predecessors in title, used the Premises for earth removal purposes, including the removal of gravel, sand and loam. Said use of the Premises for earth removal purposes commenced prior to the enactment of any zoning ordinance prohibiting or restricting the use of property in the Town of Montgomery for such earth removal purposes.

11.   On or about November, 2004, the Plaintiff, ELSIE M. LAFOND, entered into an agreement to sell the Premises to the Plaintiff, DONOVAN BROS., INC. Pending the conveyance of the Premises, the Plaintiff, DONOVAN BROS., INC., under authority of ELSIE M. LAFOND, continued earth removal operations on the Premises.

12.   On or about December 23, 2004, Dennis and Joann Page, purported abutters to the Premises, caused a letter to be sent to the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, requesting that an Order be issued upon the Plaintiff, ELSIE M. LAFOND, to cease and desist gravel pit activities

2

upon a portion of the Premises, designated as parcel 1-350-8 by the Town of
Montgomery Assessor's office.  (A copy of said letter is attached hereto as Exhibit "B").

13.    Said letter specifically stated that:

> "You should be aware that a separate parcel of property in
> the area of the subject property that is also owned by Ms.
> Elsie M. LaFond has been used as a gravel pit.  This
> property is identified by the Town of Montgomery
> Assessor's office as Parcel ID 1 235 88.  This property does
> not directly abut the Page's property and is not the subject
> of this request."  (P. 2, Exhibit "B").

14.    On or about January 13, 2005, the Defendant, MONTGOMERY BUILDING
INSPECTOR & ZONING ENFORCEMENT OFFICER, issued a Cease and Desist Order
upon the Plaintiff, ELSIE M. LAFOND, ordering the Plaintiff to Cease and Desist from
using the Premises as a gravel pit.  (A copy of said Cease and Desist Order is attached
hereto as Exhibit "C").

15.    Said Cease and Desist Order ordered the Plaintiff, ELSIE M. LAFOND, to cease and
desist using the Premises as a gravel pit, purportedly on the basis that the use of the
Premises as a gravel pit is unlawful, without any cognizable explanation as to the basis
for the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING
ENFORCEMENT OFFICER's, conclusion that said use of the Premises was unlawful.

16.    Said Cease and Desist Order ordered the Plaintiff to cease using the entire Premises as a
gravel pit, despite the fact that the letter requesting enforcement very specifically limited
its request to only the portion of the Premises designated as Parcel 1-350-8, and
specifically excluded from its request the portion of the Premises designated as 1 235 88.

17.    As a result of said Cease and Desist Order, the Plaintiffs duly filed their appeal of said
Order to the Defendant, MONTGOMERY ZONING BOARD OF APPEALS.  (A copy
of said Notice of Appeal is attached hereto as Exhibit "D").

18.    On or about March 15, 2005 and April 14, 2005, the Defendant, MONTGOMERY
ZONING BOARD OF APPEALS, held public hearings on the Plaintiffs appeal of the
Cease and Desist Order of the Town of Montgomery Building Inspector.  At said hearing
of April 14, 2005, the members of the MONTGOMERY ZONING BOARD OF
APPEALS held a vote on the Plaintiffs' appeal, wherein two members voted to uphold
the Cease and Desist Order and one member voted against.

19.    On or about April 18, 2005, the Defendant, MONTGOMERY ZONING BOARD OF
APPEALS, issued its decision that, in effect, upheld the Building Inspector for the Town
of Montgomery's Cease and Desist Order (a copy of said decision is attached hereto as
Exhibit "E").

20.  Said Decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, fails to provide any Findings or explanation as to the purported basis for upholding the Order of the Town of Montgomery Building Inspector, directing the Plaintiffs to Cease and Desist their earth removal activities on the Premises.

## LEGAL ALLEGATIONS

21.  The Cease and Desist Order of the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, and the Decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, were based upon an error of law, in that the Zoning Bylaw for the Town of Montgomery does not prohibit the use of Premises for earth removal purposes, including the removal of gravel, sand and loam.

22.  The Cease and Desist Order of the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, and the Decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, were based upon an error of law, in that the use of Premises for earth removal purposes, including removal of gravel, sand and loam, is entitled to protection under M.G.L. c. 40A, § 6, as a legal pre-existing non-conforming use.

23.  The Cease and Desist Order of the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, and the Decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, were made upon an unlawful procedure and were in violation of law, in that the said Cease and Desist Order and Decision issued restraint upon the Plaintiffs' use of the Premises beyond and outside the scope of the matters complained of and properly before the Defendants for determination; to wit, the use of the portion of the Premises designated by the Montgomery Assessor's Office as Parcel 1 235 88.

24.  The Cease and Desist Order of the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, and the Decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, were unsupported by the evidence submitted at the hearings held on March 15, 2005 and April 14, 2005.

25.  The Cease and Desist Order of the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, and the Decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, exceeds the authority of the Defendants, and/or are based upon a legally untenable ground, and/or are made upon an unlawful procedure, and/or are otherwise not in accordance with law, and/or are unreasonable, whimsical, capricious and/or arbitrary.

26.  The Cease and Desist Order of the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, and the Decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, constitutes a denial of the Plaintiffs' rights to equal protection under the law as guaranteed by the State and Federal Constitutions, as said Order and Decision of the Defendants constitutes the

singling out of the Premises for different treatment from that accorded to other similar lands within the Town of Montgomery indistinguishable from the Premises in kind and character, as well as the disparate treatment of the Plaintiffs compared to others similarly situated within the Town of Montgomery.

27.   The Defendants are estopped from issuing and upholding an Order upon the Plaintiffs to Cease and Desist from using the Premises for earth removal activities.

WHEREFORE, the Plaintiffs demand:

   a.     That this Honorable Court set aside, vacate and annul the decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, upholding the Cease and Desist Order issued by the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, upon the Plaintiffs.

   b.     That this Honorable Court set aside, vacate and annul the Cease and Desist Order issued by the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, upon the Plaintiffs.

   c.     That this Honorable Court grant such other and further relief as it deems equitable and just.

                              The Plaintiffs,
                              DONOVAN BROS, INC., and
                              ELSIE M. LAFOND,

                        By: _____
                              FRANK E. ANTONUCCI, ESQ.
                              ANTONUCCI & ASSOCIATES
                              83 State Street, Suite 203
                              Springfield, MA 01103
                              Tel: (413) 737-4667
                              Fax: (413) 731-0602
                              BBO# 020260

Dated: May 6, 2005

# ZONING BYLAW FOR THE TOWN OF MONTGOMERY, MASS.

## ARTICLE 1

### PURPOSE

Section 1

The purpose of this Bylaw is to provide for the Town of Montgomery all the protection authorized by the General Laws of the Commonwealth of Massachusetts, Chapter 40A and any amendments thereof.

## ARTICLE 2

### ESTABLISHMENT OF DISTRICTS

Section 1

Types of Districts: For the purpose of this Bylaw the Town of Montgomery shall be considered an Agricultural-Residential District.

## ARTICLE 3

### USE REGULATIONS

No structure or land shall hereafter be used or occupied and no structure shall hereafter be erected, maintained or altered unless in conformity with the regulations for an Agricultural-Residential District.

Section 1

Agricultural-Residential District

A. Permitted uses:--

    1. Farm (excluding commercial raising of swine or fur-bearing animals) and nursery, including the display and sale of natural products raised in the Town.

    2. Detached one-family dwelling.

    3. Religious, educational or municipal use.

    4. Renting of rooms or furnishing of board for not more than four (4) persons in a dwelling regularly occupied for residential purposes.

B. Uses Permitted on Special Authorization of the Board of Appeals. The Board of Appeals, may, in a specific case, after a public hearing, with due notice given, authorize the following:--

    1. Private club not conducted for profit.

    2. Conversion of a one-family dwelling, existing at the time of adoption of this Bylaw, into a two family dwelling, provided the lot is at least 60,000 square feet in area.

    3. Use of a trailer or a mobile home as a temporary dwelling for a period of 60 days. Renewals may be granted at the discretion of the Board of Appeals.

4. Use of a trailer or mobile home as a permanent dwelling provided it meets all building, zoning and sanitation codes of the town. The term "trailer or mobile home" as used here is defined in General Laws, Chapter 140, S 32 L. as follows:-- "a dwelling unit built on chassis and containing complete electrical, plumbing and sanitary facilities, and designed to be installed on a temporary or permanent foundation for permanent living quarters.

NOTE:

If trailers and mobile homes are **not** to be allowed, add the following sentences to the above 3 and drop 4:--

"This Bylaw is not to be construed as meaning a trailer or mobile home is permitted as a permanent dwelling. Ther term, "trailer or mobile home", as used here is defined in General Laws, Chapter 140, §32L, as follows:-- "a dwelling unit built on a chassis and containing complete electrical, plumbing and sanitary facilities, and designed to be installed on a temporary or permanent foundation for permanent living quarters.

5. Commercial use of property, including billboards and advertising on buildings, subject to appropriate conditions where such are deemed necessary to protect the neighborhood and town.

C. Accessory Uses in Agriculture - Residential District:--
In an Agricultural-Residential District the following uses are hereby specifically declared to be customary accessory uses within the meaning of this Bylaw:--

1. Use of a room or rooms in a dwelling for customary home occupations conducted by resident occupants, such as dressmaking, millinery, or for the work of a resident member of a recognized profession.

2. Use of premises or building thereon in connection with his trade by a resident carpenter, electrician, painter, plumber or other similar trade, provided that no manufacturing or business requiring continuous employment of more than one person be carried on therein.

3. Display of not more than two signs pertaining to a permitted use with a total area of not more than twelve (12) square feet.

## ARTICLE 4
### AREA, YARD, FLOOR AREA AND COVERAGE REGULATIONS

Section 1

A dwelling hereafter erected in Agricultural-Residential District shall be located on a plot having not less than 2½ Acres of area and not less than 300 feet of frontage on a way. A lot or parcel of land having an area or frontage of lesser amounts than required above may be considered as coming within the area and frontage requirements of this section provided such lot or parcel of land was listed in the Assessor's records, or shown in a plan or described in a deed duly recorded or registered at the Registry of Deeds at the time of adoption of this Bylaw, and did not, at the time of such adoption adjoin other adjacent land of the same owner available for use in connection with such lot or parcel.

Section 2

A dwelling hereafter erected and any addition to an existing structure shall be located not less than 40 feet from the nearest part of any way.

Section 3

A dwelling hereafter erected and any addition to an existing structure shall be so located on the lot as to provide a side yard of not less than 25 feet, and a rear yard of not less than 25 feet.

Section 4

A dwelling hereafter erected shall have not less than a minimum first floor area of 600 square feet, and shall not exceed 35 feet in overall height

## ARTICLE 6
## DRIVEWAY STANDARD

Section 1. Definition:

1. A driveway shall be defined as the portion of a lot which is prepared for vehicular access to and from a public way.
2. Common driveways shall not be allowed in the Town of Montgomery.

Section 2. Procedure:

1. The property owner, or authorized agent, shall follow the driveway permit process as outlined on the driveway application form. The property owner shall be liable for all fines for non-compliance and all damages to the public road.
2. No driveway shall be constructed without having obtained a driveway application from the Montgomery Town Secretary. The completed application must be reviewed and approved by the Conservation Commission, the Highway Superintendent and the Planning Board. If it is determined that the driveway will impact a "wet-land", then the applicable laws regarding wet-lands will apply to the construction of the Driveway.
3. The Planning Board shall issue the permit within twenty-one (21) days or shall render a decision in writing specifying the reasons for denial, and shall base that decision upon the opinion of the Highway Superintendents considerations of Public Safety. If no action is taken by the Planning Board, the permit shall be deemed granted.
4. The construction of the driveway shall conform in all respects to the construction standards set by the Town of Montgomery, and shall be performed within one (1) year of the date of issuance of the permit. A permit may be extended by the Planning Board for one additional year upon written request by the applicant.

Section 3. Construction:

1. The Superintendent of Highways will inspect the installation of driveway entrances from the property line to the intersection of any public way. This shall include any necessary culverts, ditches, embankments, warning signs, paving or blacktop.
2. These standards shall apply to all new driveway openings and shall apply to any existing driveway openings when a change to layout, size, width, drainage or location occurs.
3. Driveways shall be connected to the street in such a way as to provide safe vehicular entry to and exit from the street at an angle of between 60 and 90 degrees, and so as not to create any hazards for other vehicles, or impede the use of said public way, to emergency vehicles such as Police, Fire trucks and Ambulances.
4. Driveways shall be constructed to allow emergency vehicles to turn into the driveway from both directions on the road and to traverse the full length of the driveway up to the dwelling (zoning regulation). Driveways shall begin at the edge of the paved or dirt road with a minimum width of twenty-four (24) feet, reducing to no less than twelve (12) feet wide with minimum six (6) foot radius transitions on each side of the driveway and continuing to its terminus, maintaining the minimum twelve (12) foot width.
5. The entrance grade must be no more than a 6% slope from that of the road grade, back to the property line - or twenty (20) feet into the driveway from the edge of the existing road surface, so that there is a flat area for a vehicle to rest before proceeding out into the road.
6. Driveways shall be connected to the public street in such a way as not to create a danger of overloading or impeding the operation of street drainage facilities, and so as not to create a danger of flooding or erosion on other lots.
7. If it is deemed by the Highway Superintendent that a culvert or culverts is required, he shall determine the size (width and length) of said culvert.
8. The driveway must be located no less than 25 feet from the abutter's property line.

Section 4.   Costs:

    1.   Any and all costs incurred in the construction of such Driveway(s) shall be the responsibility of the landowner or his agent.   Driveway permits may require that the landowner or his agent install, at his own expense, such facilities as are deemed necessary to insure all standards are met.  This may include culverts, ditches, embankments, warning signs, paving or blacktop, (if the driveway is being paved) from the edge of the road surface back to the property line.

Section 5.   **Penalties and Fines:**

    1.   The following penalties and fines shall be imposed upon the landowner or his agent for any infractions of the standards set forth in this Bylaw regarding Driveway Standards.

    Upon being cited in writing by the Highway Superintendent, the landowner will have 30 days in which to correct (or have corrected) the infraction.  Unless the infraction is corrected, fines will be imposed on the 31st day after written notice has been received.

Enforcement Agent:  Selectboard

| | |
|---|---|
| Maximum Fine Allowed: | $100.00 daily |
| 1st Offense: | WARNING |
| 2nd Offense: | $25.00 |
| 3rd Offense | $50.00 |
| 4th Offense: | $100.00 each day |

Each day a violation exists shall be deemed to be a separate violation.

<u>ADMINISTRATION</u>

1. Board of Appeals.
There shall be a Board of Appeals of three (3) members and two (2) associate members appointed by the Selectmen as provided in Chapter 40A of the General Laws which shall act on all matters concerning Zoning, Building Code. and Subdivision. if any, within its jurisdiction under this Bylaw in the manner prescribed in Chapter 40A of the General Laws.

2. Enforcement
This Bylaw shall be enforced by the Board of Selectmen, either directly or by an Inspector appointed by them; and upon any well founded information as to a violation. the said Board shall take immediate steps to enforce this Bylaw in any manner provided by law. A complaint regarding a violation of this Bylaw should be presented to the Selectmen in writing and the complainant should be prepared to appear in court to sign a complaint against the violating party.

3. Violations
Any person violating any of the conditions under which a permit or special permit is issued, or any decision rendered by the Board of Appeals. or any of the provisions of this Bylaw. shall be subject to criminal prosecution by indictment or complaint brought before the District Court, and the offending party may be fined a sum not exceeding fifty dollars ($50.00) for each offense. Each day that such violation continues shall constitute a separate offense.

4. Validity
The invalidity of any section or provision of this Bylaw shall not invalidate any other section or provision hereof.

5. Amendments
This Bylaw or any portion thereof may be amended by a two-thirds (2/3) vote at any regular town meeting, as provided for and in pursuance of the provisions of General Laws. Chapter 40A.

# LAW OFFICE OF MEILMAN & COSTA, P.C.
## 70 WELLS AVENUE, SUITE 200
### NEWTON, MA  02459

STEPHANIE K. MEILMAN
(MASS., WASH. & COLO.)
NELSON J. COSTA
(MASS.)
D. SEAN MCMAHON
(MASS.)

TELEPHONE  (617) 969-9100
FACSIMILE  (617) 969-0080

December 23, 2004

**VIA FEDERAL EXPRESS**

Thomas Clark, Building Inspector
Town of Montgomery
161 Main Road
Montgomery, MA  01805

Re:    Request for Cease and Desist Order

Dear Mr. Clark:

I am writing on behalf of my clients, Dennis and Joann Page of 122 Carrington Road, Montgomery, Massachusetts. I am writing to request that you issue an order to Ms. Elsie M. Lafond, who is the owner of the property that abuts the Page's property and is identified by the Town of Montgomery Assessor's Office as Parcel ID 1 350 8 (hereinafter "the subject property"), to cease and desist gravel pit activities. The reason for this request is that Ms. Lafond, or her designee, has recently begun to use the subject property as a gravel pit in violation of the Zoning Bylaw of the Town of Montgomery.

Pursuant to Massachusetts General Law chapter 40A section 7, a town's building inspector is charged with enforcement of its zoning bylaws. Also pursuant to that statute, no permit or license shall be granted for a new use of land that would be in violation of a zoning bylaw. M.G.L. c. 40A § 7. Pursuant to these statutory provisions, we are directing this request to you for your action. If you decline to act to enforce the Zoning Bylaw of the Town of Montgomery in response to this request, you are required to notify us in writing within fourteen (14) days of your receipt of this request.

The basis for this request is that the use of the subject property as a gravel pit is in violation of uses permitted by the Zoning Bylaw of the Town of Montgomery. As of November, 2004, the use of the subject property changed from agricultural to a gravel pit. A simple visual inspection of the subject property confirms that it is now being used as a gravel pit. My clients' residence abuts the subject property and they have informed me that this new activity began this past fall.

Pursuant to Article 2, Section 1 of the Zoning Bylaw of the Town of Montgomery, the entire Town of Montgomery is designated as an Agricultural-Residential District. Pursuant to Article 3, Section 1 A, the permitted uses of property designated as Agricultural-Residential are: farm and nursery; detached one-family dwelling; religious, educational, or municipal; and the renting of rooms or board for not

Thomas Clark, Building Inspector
Town of Montgomery
12/23/2004
Page 2

more than four (4) persons in a dwelling. The permitted uses of property so-designated do not include use as a gravel pit. Such use is in direct violation of the zoning bylaw and interferes with Page's permitted use of their property as a one-family dwelling. Upon information and belief, the owner of the property did not obtain a change of use permit from the Town of Montgomery or any other permit or order that would allow for the use of the property in contravention of the town's zoning bylaw. As this new use of the property is not in compliance with the town's zoning bylaw and no permit or other order excepting the property from the town's zoning bylaw has been granted, we are requesting that you issue an order to Ms. Elsie M. Lafond as the owner of the subject property to cease and desist from using it as a gravel pit.

You should be aware that a separate parcel of property in the area of the subject property that is also owned by Ms. Elsie M. Lafond has been used as a gravel pit. This property is identified by the Town of Montgomery Assessor's Office as Parcel ID 1 236 88. This property does not directly abut the Page's property and is not the subject of this request.

To assist your understanding of the area in question, we have provided an aerial photograph of the area. The photograph was taken in April of 2001 and shows the Page's property, the subject property, and the property that has been used as a gravel pit near the train tracks and the Westfield River. The photograph confirms that the subject property was not being used as a gravel pit as of April, 2001 when the photograph was taken. The dotted lines drawn on the photograph show the approximate extent of the new gravel pit use. The additional pictures show the gravel pit activity at the subject property and were taken from the locations indicated by the corresponding numbers on the aerial photograph.

If you have any questions regarding this request, please do not hesitate to contact me. I look forward to hearing from you.

Very truly yours,

Nelson J. Costa

C:    Dennis and Joann Page (w/enclosures)
      Martin O'Connell, Esq. (w/enclosures)

\\Relia-tech\my documents\sec2001-4\Page\Ltr req cease order 122304.doc

Received Time Dec.29. 1:10PM



*The Commonwealth of Massachusetts*

# TOWN OF MONTGOMERY

161 Main Road, Montgomery, Massachusetts 01085

## Building Department

January 13, 2005

Elsie M. Lafond
32 Littleville Road
Huntington, MA 01050

RE:  Cease and Desist Order for Gravel Pit
     Property Located off Carrington Road in the Town of Montgomery
     Identified in Assessors Records as ID#'s 1-350-8 and 1-236-88

Dear Mrs. Lafond,

I have received a letter from the Law Office of Meilman & Costa, P.C., attorneys for Dennis and Joan Page regarding the above referenced property. This letter requested that the building inspector issue a cease and desist order concerning the use of your property as a gravel pit. I have reviewed the Town's records as well as the zoning bylaws. Based on my review, I have determined that the present use of your property as a gravel pit is unlawful. I am hereby ordering you to cease and desist use of the above referenced property as a gravel pit. This order is to be effective immediately.

Sincerely yours,

Elwin R. Clark, Jr.
Building Inspector &
Zoning Enforcement Officer

Cc:  Gail Donovan of Donovan Bros. Inc.
     Frank Antonucci of Antonucci & Associates
     Nelson J. Costa of Law Office of Meilman & Costa, P.C.
     Jonathan D. Eichman of Kopelman and Paige P.C., Town Attorney

# FRANK E. ANTONUCCI, ESQ.
## COUNSELOR AT LAW

83 STATE STREET, SUITE 203
SPRINGFIELD, MA 01103-2009
(413) 737-4667
(800) 325-1109
FAX(413) 731-0602
Email Admin@Antonucci-Law.Com

36 CLIFFWOOD STREET
LENOX, MA 01240
(413) 637-3400
FAX (413) 637-0295
Email LENOX@Antonucci-Law.Com

OTHER OFFICES IN:
WESTFIELD, MA
GREAT BARRINGTON, MA

ADDRESS REPLY TO: [ X ] SPRINGFIELD

[   ] LENOX

February 16, 2005

Mr. Robert Pike, Chairman
Zoning Board of Appeals
1689 Russell Road
Montgomery, MA  01085

RE    :    *Notice of Appeal Under G.L. c.40A, § 8 & 15*
*Property Located off Carrington Road in the Town of Montgomery, MA ("Premises")*

*Appellant #1*    :    *Mr. Gale Donovan d/b/a Donovan Brothers, Inc. ("Appellant #1")*
*87 Worthington Road, Montgomery, MA  01085*

*Appellant #2*    :    *Ms. Elsie M. Lafond, 32 Littleville Road, Huntington, MA, 01050 ("Appellant #2")*

Dear Mr. Pike:

Enclosed herewith is the *Notice of Appeal* in accordance with the procedural requirements of the Massachusetts Zoning Act, G.L. c. 40A, §15, by the above-named Appellants from the *Cease and Desist Order* issued by the Town of Montgomery Building Inspector and Zoning Enforcement Officer relative to the operations being conducted at the subject property. I have attempted to determine the amount of the required filing fee, if any, but have not been able to do so. Therefore, a check in the amount of $100.00 was paid to Ms. Jane Thielen on 2/10/05. I will pay any additional fee(s) owed should the Town Bylaws, rules, regulations and/or Ordinances indicate that the payment is not in a sufficient amount. If the fee that I have tendered is more than the amount necessary, I respectfully request that the overpayment be returned to my office.

In accordance with G.L. c.40A, §15, I serving a copy of the enclosed *Notice of Appeal,* including the date and time of filing certified Ms. Jane Thielen as representative of the City Clerk, upon you as Chairperson of the Zoning Board of Appeals and a copy shall also be served upon the Building Inspector and Zoning Enforcement Officer, Elwin R. Clark, Jr.

Robert Pike, Chairman
Zoning Board of Appeals
Town of Montgomery
Page 2
February 16, 2005

RE:   *Appellants: G. Donovan d/b/a Donovan Brothers, Inc. and Elsie R. Lafond*
      *Premises : Property off Carrington Road in Montgomery, MA*

      I respectfully request to be informed of any official action with respect to this appeal, including the publication of notice of public hearing.  Thank you for your courtesy and attention.

                                            Sincerely,

                                            *Frank E. Antonucci*

                                            Frank E. Antonucci, Esq.

FEA/sms

Encl:   Notice of Appeal

<u>Via Cert. Mail, R.R.R.</u>
#7004 1160 0006 1275 0310

*reg-mail*

**SENDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Robert Pike, Chairman ZBA
Town of Montgomery
184 Russell Rd.
Montgomery, MA 01085

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *Jane R. Thielen*  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery
Jane R. Thielen    2-17-05
D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail  ☐ Express Mail
☐ Registered    ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number
(Transfer from service label)   7004 1160 0006 1275 0310

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

FEB 10 AM 11:00

# FRANK E. ANTONUCCI, ESQ.
## COUNSELOR AT LAW

83 STATE STREET, SUITE 203
SPRINGFIELD, MA 01103-2009
(413) 737-4667
(800) 325-1109
FAX (413) 731-0602
Email Admin@Antonucci-Law.Com

36 CLIFFWOOD STREET
LENOX, MA 01240
(413) 637-3400
FAX (413) 637-0295
Email LENOX@Antonucci-Law.Com

OTHER OFFICES IN:
WESTFIELD, MA
GREAT BARRINGTON, MA

FRANK E. ANTONUCCI
MICHAEL E. KOKONOWSKI
THOMAS A. KOKONOWSKI

ADDRESS REPLY TO: [ X ] SPRINGFIELD

[ ] LENOX

February 9, 2005

Judith Murphy, Town Clerk
Town of Montgomery
161 Main Road
Montgomery, MA 01085

RE     :     *Notice of Appeal Under G.L. c.40A, § 8 & 15*
*Property Located off Carrington Road in the Town of Montgomery, MA ("Premises")*

*Appellant #1*   :   *Mr. Gale Donovan d/b/a Donovan Brothers, Inc. ("Appellant #1")*
*87 Worthington Road, Montgomery, MA 01085*

*Appellant #2*   :   *Ms. Elsie M. Lafond, 32 Littleville Road, Huntington, MA, 01050 ("Appellant #2")*

*Nature of Appeal:*     This is an appeal to the permit granting authority under the procedures of the Massachusetts Zoning Act, G.L. c. 40A, § 8 & 15, taken by a person aggrieved by the Order of the Town of Montgomery Building Inspector & Zoning Enforcement Officer, Elwin R. Clark, Jr., ordering the Appellants to:

"*...cease and desist use of the above referenced property as a gravel pit. This order is to be effective immediately.*"

(A copy of said Cease and Desist Order is attached hereto as "Exhibit A"). The Appellants seek action from the Building Inspector & Zoning Enforcement Officer, Elwin R. Clark, Jr., to reverse this Order.

**Grounds for Appeal:**

1.     On or about January 13, 2005, the Building Inspector and Zoning Enforcement Officer for the Town of Montgomery served upon the Appellant, Elsie M. Lafond, the owner of record of the subject property and the Appellant, Mr. Gale Donovan of Donovan Brothers, Inc., a copy of Exhibit A attached hereto. The Building Inspector and Zoning Enforcement Officer further verbally indicated to Mr. Denovan that he should cease and desist all operations and the extracting of gravel on the aforementioned property. At that time, the Appellant, Gale Donovan d/b/a Donovan Brothers, Inc., was a prospective purchaser of the subject property.

Page 2
February 9, 2005

2.  The property owner and Appellant #2, Elsie M. Lafond, has allowed the Appellant Gale Donovan d/b/a Donovan Brothers, Inc. to extract gravel from the Carrington Road property for a number of years prior to January 13, 2005. Prior to January 13, 2005 the Appellants had not been approached by nor were they provided with any information concerning the alleged violation of the Zoning Bylaws of the Town of Montgomery that gives rise to the apparent Cease And Desist Order.

3.  On or about January 13, 2005 as aforementioned, the Building Inspector and Zoning Enforcement Officer issued the Cease And Desist Order that is the subject of this appeal. Said Cease And Desist Order should be revered on the grounds that:

   a.  Said Cease And Desist Order is outside the scope of authority of the Building Inspector and Zoning Enforcement Officer;

   b.  Said Cease And Desist Order is based upon an error of law;

   c.  Said Cease And Desist Order is not substantiated by the facts in this matter;

   d.  Said Cease And Desist Order is based upon a legally untenable ground and/or is made upon an unlawful procedure and/or is otherwise not in accordance with law and/or is unreasonable, whimsical, capricious and/or arbitrary;

   e.  Said Cease And Desist Order fails to adequately notify the Appellants of the basis under which he and she are not in compliance with the "...*Town's records as well as the zoning bylaws*", including which alleged permits, variances and/or licenses the Appellants are required to obtain in accordance with Massachusetts General Laws, building codes, and/or the Town of Montgomery's Zoning Bylaws.

**Relief Requested:** The Appellants request that the Zoning Board exercise powers pursuant to the Massachusetts Zoning Act, the Town of Montgomery Zoning Bylaws and Ordinances and, after public notice and hearing, reverse the Cease and Desist Order of the Building Inspector and Zoning Enforcement Commissioner.

Respectfully submitted,

Gale Donovan d/b/a Donovan Brothers, Inc. and
Elsie M. Lafond, Appellants

By Their Attorney,

Frank E. Antonucci, Esq.

FEA/sms
Enclosures (Exhibit A)

Via Certified Mail, R.R.R.
#7004 1160 0006 1275 0297

Via Federal Express Overnight Mail
#8493 5751 0494





*The Commonwealth of Massachusetts*

# TOWN OF
# MONTGOMERY

161 Main Road, Montgomery, Massachusetts  01085

### Building Department

January 13, 2005

Elsie M. Lafond
32 Littleville Road
Huntington, MA  01050

RE:  Cease and Desist Order for Gravel Pit
     Property Located off Carrington Road in the Town of Montgomery
     Identified in Assessors Records as ID#'s 1-350-8 and 1-236-88

Dear Mrs. Lafond,

    I have received a letter from the Law Office of Meilman & Costa, P.C., attorneys for Dennis and Joan Page regarding the above referenced property.  This letter requested that the building inspector issue a cease and desist order concerning the use of your property as a gravel pit.  I have reviewed the Town's records as well as the zoning bylaws.  Based on my review, I have determined that the present use of your property as a gravel pit is unlawful.  I am hereby ordering you to cease and desist use of the above referenced property as a gravel pit.  This order is to be effective immediately.

Sincerely yours,

Elwin R. Clark, Jr.
Building Inspector &
Zoning Enforcement Officer

Cc:  Gail Donovan of Donovan Bros. Inc.
     Frank Antonucci of Antonucci & Associates
     Nelson J. Costa of Law Office of Meilman & Costa, P.C.
     Jonathan D. Eichman of Kopelman and Paige P.C., Town Attorney

Received Time Apr.22. 2:25PM

Montgomery Zoning Board of Appeals
Montgomery, Mass.

April 18, 2005

Gale Donovan dba Donovan Brothers
87 Worthington Road
Huntington, Ma  01050

Dear Mr. Donovan:

We wish to inform you that the Montgomery Zoning Board of Appeals
met for the second time on 4/14/05 and concluded the hearing on
your appeal for relief from the Cease and Desist order issued by
the Town Building Inspector, Mr. Clark.

We had originally met on 3/15/05 to discuss the Order and found we
ran into much opposition from the Carrington Road abutters.  We
heard testimony from both sides and concluded that a meeting
extension for one month was in order.  Both sides were asked to
meet with each other and see if they could come to an agreement.
No agreement was reached although you and some others did try.

The Zoning board had a vote after learning no agreement was
forthcoming and several people were heard giving more input.  The
board had a split decision (2 for the Cease and Desist and 1
against).  Mass general law requires a unanimous decision and
therefore the Board of Appeals is required to leave the Cease and
Desist Order in place.

If you have questions, please call me.

Sincerely,
Robert W. Pike Jr.. Chairman

Robert Pike            Joanne Hebert            Joseph Fontaine

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)  PLAINTIFFS**
Donovan Brothers, Inc. and
Elsie M. Lafond

**DEFENDANTS**
See Attached

**(b)** County of Residence of First Listed Plaintiff   Hampden
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Hampden
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

(413) 737-4667

(617) 556-000?

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Frank Antonucci, Esq., Antonucci & Associates
83 State St., Suite 203, Springfield, MA 01103

Attorneys (If Known)  Joel B. Bard, Esq.
Jonathan D. Eichman, Esq.
Kopelman and Paige, P.C., 31 St. James. Ave. Boston MA
02116

**II.  BASIS OF JURISDICTION**   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)   and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT**  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

**V.  ORIGIN**   (Place an "X" in One Box Only)

| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |
|---|---|---|---|---|---|---|

**VI.  CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
42 U.S.C. 1983
Brief description of cause:
Plaintiffs claim violation of Equal Protection rights

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):
JUDGE
DOCKET NUMBER

DATE
6/13/05

SIGNATURE OF ATTORNEY OF RECORD
Jonathan V. Eichman

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE

3005900

**DEFENDANTS**

JOSEPH FONTAINE, JOANNE HEBERT and  ROBERT W. PIKE, JR., as they are the Zoning Board of Appeals of the Town of Montgomery, and ELWIN R. CLARK, JR., as he is the Building Inspector & Zoning Enforcement Officer of the Town of Montgomery,

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Donovan Brothers Inc., et al. v.
   Joseph Fontaine, et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local
   rule 40.1(a)(1)).

   [ ]    I.     160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   [X]    II.    195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
                 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   [ ]    III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                 380, 385, 450, 891.

   [ ]    IV.    220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                 690, 810, 861-865, 870, 871, 875, 900.

   [ ]    V.     150, 152, 153.

3. Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this
   district please indicate the title and number of the first filed case in this court.


4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                              YES [ ]        NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC
   §2403)
                                                              YES [ ]        NO [X]
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                              YES [ ]        NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                              YES [ ]        NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? -  (See Local Rule 40.1(d)).

                                                              YES [X]        NO [ ]

        A.    If yes, in which division do all of the non-governmental parties reside?

              Eastern Division [ ]         Central Division [ ]         Western Division [X]

        B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,
              residing in Massachusetts reside?

              Eastern Division [ ]         Central Division [ ]         Western Division [X]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes,
   submit a separate sheet identifying the motions)

                                                              YES [ ]        NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    Joel B. Bard, Esq. / Jonathan D. Eichman, Esq.

ADDRESS  Kopelman and Paige, P.C., 31 St. James Avenue, Boston, MA 02116

TELEPHONE NO.   (617) 556-0007

(CategoryForm.wpd  - 5/2/05)