# Commonwealth of Massachusetts
## HAMPDEN SUPERIOR COURT
### Case Summary
### Civil Docket

## HDCV2005-00479
## Donovan Bros Inc et al v Fontaine et al



| | | | | |
|---|---|---|---|---|
| File Date | 05/06/2005 | Status | Disposed: transfered to other court (dtrans) | |
| Status Date | 06/20/2005 | Session | B - Civil B - CtRm 5 | |
| Origin | 1 | Case Type | C02 - Zoning appeal (40A) | |
| Lead Case | | Track | F | 05CV30136-MAP |

| Service | 05/27/2005 | Answer | | Rule12/19/20 | 10/03/2005 |
|---|---|---|---|---|---|
| Rule 15 | 10/03/2005 | Discovery | 03/02/2006 | Rule 56 | 04/01/2006 |
| Final PTC | 05/01/2006 | Disposition | 06/30/2006 | Jury Trial | No |

**Plaintiff**
Donovan Bros Inc
Active 05/06/2005

**Private Counsel 020260**
Frank E Antonucci
Antonucci & Associates (Frank E)
83 State Street, Suite 203
2nd floor
Springfield, MA 01103
Phone: 413-737-4667
Fax: 413-731-0602
Active 05/06/2005 Notify

**Plaintiff**
Elsie M LaFond
Active 05/06/2005

*** See Attorney Information Above ***

**Defendant**
Joseph Fontaine
member of the Zoning Board of Appeals of the
Town of Montgomery
Service pending 05/06/2005

**Private Counsel 029140**
Joel B Bard
Kopelman & Paige PC
31 Saint James Avenue
Park Square Building 7th floor
Boston, MA 02116-4102
Phone: 617-556-0007
Fax: 617-654-1735
Active 06/16/2005 Notify

**Defendant**
Joanne Hebert
member of the Zoning Board of Appeals of the
Town of Montgomery
Service pending 05/06/2005

*** See Attorney Information Above ***

MAS-20041213
liebeldc

Case 3:05-cv-30136-MAP    Document 5    Filed 06/23/2005    Page 2 of 19

Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

06/2)/2005
11 00 AM

## HDCV2005-00479
## Donovan Bros Inc et al v Fontaine et al

**Defendant**
Robert W Pike Jr
member of the Zoning Board of Appeals of the
Town of Montgomery
Service pending 05/06/2005

**Alias defendant name**
Zoning Board of Appeals of the Town of
Montgomery
Active 05/06/2005

**Alias defendant name**
Town of Montgomery
Active 05/06/2005

**Defendant**
Elwin R Clark Jr
as the Building Inspector & Zoning Enforcement
Officer
Service pending 05/06/2005

*** See Attorney Information Above ***

**Private Counsel 029140**
Joel B Bard
Kopelman & Paige PC
31 Saint James Avenue
Park Square Building 7th floor
Boston, MA 02116-4102
Phone: 617-556-0007
Fax: 617-654-1735
Active 06/16/2005 Notify

| | | |
|---|---|---|
| **ENTRIES** | | |

| Date | Paper | Text |
|---|---|---|
| 05/06/2005 | 1.0 | Appeal from Montgomery, MA Zoning Board filed |
| 05/06/2005 | | Origin 1, Type C02, Track F. |
| 05/06/2005 | 2.0 | Civil action cover sheet filed |
| 05/19/2005 | 2.1 | Affidavit of Frank E. Antonucci of notice of filing. |
| 05/31/2005 | 3.0 | Affidavit of compliance by Frank E Antonucci with proof of service of complaint re: Joseph Fontaine, Joanne Hebert, Robert W Pike Jr, Elwin R Clark Jr |
| 06/16/2005 | 4.0 | Notice for Removal to the United States District Court filed by Joseph Fontaine, Joanne Hebert, Robert W Pike Jr, Elwin R Clark Jr |
| 06/20/2005 | | Case REMOVED this date to US District Court of Massachusetts |

A TRUE COPY
OF THE DOCKET MINUTES
IN WITNESS WHEREOF, I hereunto
set my hand, and have caused the seal
of the Superior Court for the County
of Hampden to be affixed on this
day of

*[signature]*

DEPUTY ASST. Clerk

| | | |
|---|---|---|
| **EVENTS** | | |

MAS-20041213
liebeldo

Case 3:05-cv-30136-MAP     Document 5     Filed 06/23/2005     Page 3 of 19

Commonwealth of Massachusetts
HAMPDEN SUPERIOR COURT
Case Summary
Civil Docket

06/20/2005
11 00 AM

**HDCV2005-00479**
**Donovan Bros Inc et al v Fontaine et al**

## COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF THE TRIAL COURT

HAMPDEN, ss.

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO. 05▪ 479

DONOVAN BROS, INC., and
ELSIE M. LAFOND,
          Plaintiffs

vs.

**(COMPLAINT FOR) APPEAL PURSUANT
TO MASSACHUSETTS GENERAL LAWS
CHAPTER 40A, SECTION 17**

JOSEPH FONTAINE, JOANNE HEBERT
and ROBERT W. PIKE, JR.,
as they are the Zoning Board of Appeals
of the Town of Montgomery, and
ELWIN R. CLARK, JR.,
as he is the Building Inspector &
Zoning Enforcement Officer of
the Town of Montgomery,
          Defendants



### JURISDICTION

1.    This Court has jurisdiction pursuant to General Laws Chapter 40A, section 17.

### PARTIES

2.    The Plaintiff, DONOVAN BROS, INC. (hereinafter referred to as "DONOVAN
      BROS."), is a domestic corporation duly organized under the laws of the Commonwealth
      of Massachusetts, with a principal place of business located at 87 Worthington Road,
      Huntington, Hampshire County, Massachusetts.

3.    The Plaintiff, ELSIE M. LAFOND, is a natural person residing at 32 Littleville Road,
      Huntington, Hampshire County, Massachusetts.

4.    The Defendants, JOSEPH FONTAINE, JOANNE HEBERT, and ROBERT W. PIKE,
      JR., are members of the Zoning Board of Appeals of the Town of Montgomery
      (hereinafter referred to as the "MONTGOMERY ZONING BOARD OF APPEALS"),
      who reside as follows:

No. of Pffs. 2
Fee Paid - $ 2 ᵒ.ᵒ ᵛ      Cash - Check
Surcharge Paid - $ ₁ ᵴ ᵛ ᵛ    Cash - Check
Security Fee - Paid - $ 2 ᵒ.ᵛ ᵛ    Cash - Check
Received by    S C

JOSEPH FONTAINE,    3 Birch Bluff Road, Montgomery, MA
JOANNE HEBERT,    1582 Russell Road, Montgomery, MA
ROBERT W. PIKE, JR.,    1689 Russell Road, Montgomery, MA

5. The Defendant, ELWIN R. CLARK, JR., is a natural person and is employed as the Building Inspector & Zoning Enforcement Officer of the Town of Montgomery (hereinafter referred to as the "MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER"), with offices located at the Town of Montgomery, Building Department, 161 Main Road, Montgomery, Hampden County, Massachusetts.

## FACTUAL ALLEGATIONS

6. The Plaintiff, ELSIE M. LAFOND, is the present owner of the premises known as and located at Carrington Road, Montgomery, Hampden County, Massachusetts, which land has been designated by the Montgomery Assessor's Office as parcels 1-350-8 and 1-236-88 (hereinafter referred to as the "Premises").

7. The Premises is located in the so-called "Agricultural-Residential" zone district in the Town of Montgomery, which is the only zone district enacted for the entire Town of Montgomery (a copy of the Zoning Bylaw for the Town of Montgomery is attached hereto as Exhibit "A").

8. There is no prohibition or restriction contained within the Zoning Bylaw for the Town of Montgomery from using property within the Town of Montgomery for earth removal purposes, including the removal of gravel, sand and loam.

9. There are approximately six (6) gravel pits/earth removal operations that have been and are presently operating within the Town of Montgomery's so-called "Agricultural-residential" zone. Said gravel pits/earth removal operations have been and are currently allowed to operate within the Town of Montgomery, without restriction or requirement for a permit or special permit under the Zoning Bylaw for the Town of Montgomery.

10. The Plaintiff, ELSIE M. LAFOND, and her predecessors in title, used the Premises for earth removal purposes, including the removal of gravel, sand and loam. Said use of the Premises for earth removal purposes commenced prior to the enactment of any zoning ordinance prohibiting or restricting the use of property in the Town of Montgomery for such earth removal purposes.

11. On or about November, 2004, the Plaintiff, ELSIE M. LAFOND, entered into an agreement to sell the Premises to the Plaintiff, DONOVAN BROS., INC. Pending the conveyance of the Premises, the Plaintiff, DONOVAN BROS., INC., under authority of ELSIE M. LAFOND, continued earth removal operations on the Premises.

12. On or about December 23, 2004, Dennis and Joann Page, purported abutters to the Premises, caused a letter to be sent to the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, requesting that an Order be issued upon the Plaintiff, ELSIE M. LAFOND, to cease and desist gravel pit activities

upon a portion of the Premises, designated as parcel 1-350-8 by the Town of Montgomery Assessor's office. (A copy of said letter is attached hereto as Exhibit "B").

13.    Said letter specifically stated that:

> "You should be aware that a separate parcel of property in the area of the subject property that is also owned by Ms. Elsie M. LaFond has been used as a gravel pit. This property is identified by the Town of Montgomery Assessor's office as Parcel ID 1 235 88. This property does not directly abut the Page's property and is not the subject of this request." (P. 2, Exhibit "B").

14.    On or about January 13, 2005, the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, issued a Cease and Desist Order upon the Plaintiff, ELSIE M. LAFOND, ordering the Plaintiff to Cease and Desist from using the Premises as a gravel pit. (A copy of said Cease and Desist Order is attached hereto as Exhibit "C").

15.    Said Cease and Desist Order ordered the Plaintiff, ELSIE M. LAFOND, to cease and desist using the Premises as a gravel pit, purportedly on the basis that the use of the Premises as a gravel pit is unlawful, without any cognizable explanation as to the basis for the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER's, conclusion that said use of the Premises was unlawful.

16.    Said Cease and Desist Order ordered the Plaintiff to cease using the entire Premises as a gravel pit, despite the fact that the letter requesting enforcement very specifically limited its request to only the portion of the Premises designated as Parcel 1-350-8, and specifically excluded from its request the portion of the Premises designated as 1 235 88.

17.    As a result of said Cease and Desist Order, the Plaintiffs duly filed their appeal of said Order to the Defendant, MONTGOMERY ZONING BOARD OF APPEALS. (A copy of said Notice of Appeal is attached hereto as Exhibit "D").

18.    On or about March 15, 2005 and April 14, 2005, the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, held public hearings on the Plaintiffs appeal of the Cease and Desist Order of the Town of Montgomery Building Inspector. At said hearing of April 14, 2005, the members of the MONTGOMERY ZONING BOARD OF APPEALS held a vote on the Plaintiffs' appeal, wherein two members voted to uphold the Cease and Desist Order and one member voted against.

19.    On or about April 18, 2005, the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, issued its decision that, in effect, upheld the Building Inspector for the Town of Montgomery's Cease and Desist Order (a copy of said decision is attached hereto as Exhibit "E").

3

20.   Said Decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, fails to provide any Findings or explanation as to the purported basis for upholding the Order of the Town of Montgomery Building Inspector, directing the Plaintiffs to Cease and Desist their earth removal activities on the Premises.

## LEGAL ALLEGATIONS

21.   The Cease and Desist Order of the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, and the Decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, were based upon an error of law, in that the Zoning Bylaw for the Town of Montgomery does not prohibit the use of Premises for earth removal purposes, including the removal of gravel, sand and loam.

22.   The Cease and Desist Order of the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, and the Decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, were based upon an error of law, in that the use of Premises for earth removal purposes, including the removal of gravel, sand and loam, is entitled to protection under M.G.L. c. 40A, § 6, as a legal pre-existing non-conforming use.

23.   The Cease and Desist Order of the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, and the Decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, were made upon an unlawful procedure and were in violation of law, in that the said Cease and Desist Order and Decision issued restraint upon the Plaintiffs' use of the Premises beyond and outside the scope of the matters complained of and properly before the Defendants for determination; to wit, the use of the portion of the Premises designated by the Montgomery Assessor's Office as Parcel 1 235 88.

24.   The Cease and Desist Order of the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, and the Decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, were unsupported by the evidence submitted at the hearings held on March 15, 2005 and April 14, 2005.

25.   The Cease and Desist Order of the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, and the Decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, exceeds the authority of the Defendants, and/or are based upon a legally untenable ground, and/or are made upon an unlawful procedure, and/or are otherwise not in accordance with law, and/or are unreasonable, whimsical, capricious and/or arbitrary.

26.   The Cease and Desist Order of the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, and the Decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, constitutes a denial of the Plaintiffs' rights to equal protection under the law as guaranteed by the State and Federal Constitutions, as said Order and Decision of the Defendants constitutes the

4

singling out of the Premises for different treatment from that accorded to other similar lands within the Town of Montgomery indistinguishable from the Premises in kind and character, as well as the disparate treatment of the Plaintiffs compared to others similarly situated within the Town of Montgomery.

27.    The Defendants are estopped from issuing and upholding an Order upon the Plaintiffs to Cease and Desist from using the Premises for earth removal activities.

WHEREFORE, the Plaintiffs demand:

a.    That this Honorable Court set aside, vacate and annul the decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, upholding the Cease and Desist Order issued by the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, upon the Plaintiffs.

b.    That this Honorable Court set aside, vacate and annul the Cease and Desist Order issued by the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, upon the Plaintiffs.

c.    That this Honorable Court grant such other and further relief as it deems equitable and just.

The Plaintiffs,
DONOVAN BROS, INC., and
ELSIE M. LAFOND,

By: _____

FRANK E. ANTONUCCI, ESQ.
ANTONUCCI & ASSOCIATES
83 State Street, Suite 203
Springfield, MA 01103
Tel: (413) 737-4667
Fax: (413) 731-0602
BBO# 020260

Dated: May 6, 2005

**A true copy:**

**Attest:**

_____
Deputy Assistant Clerk

5

ZONING BYLAW FOR THE TOWN OF MONTGOMERY, MASS.

## ARTICLE 1

### PURPOSE

**Section 1**

The purpose of this Bylaw is to provide for the Town of Montgomery all the protection authorized by the General Laws of the Commonwealth of Massachusetts, Chapter 40A and any amendments thereof.

## ARTICLE 2

### ESTABLISHMENT OF DISTRICTS

**Section 1**

Types of Districts:  For the purpose of this Bylaw the Town of Montgomery shall be considered an Agricultural-Residential District.

## ARTICLE 3

### USE REGULATIONS

No structure or land shall hereafter be used or occupied and no structure shall hereafter be erected, maintained or altered unless in conformity with the regulations for an Agricultural-Residential District.

**Section 1**

Agricultural-Residential District

A. Permitted uses:--

    1. Farm (excluding commercial raising of swine or fur-bearing animals) and nursery, including the display and sale of natural products raised in the Town.

    2. Detached one-family dwelling

    3. Religious, educational or municipal use.

    4. Renting of rooms or furnishing of board for not more than four (4) persons in a dwelling regularly occupied for residential purposes.

B. Uses Permitted on Special Authorization of the Board of Appeals. The Board of Appeals, may, in a specific case, after a public hearing, with due notice given, authorize the following:--

    1. Private club not conducted for profit.

    2. Conversion of a one-family dwelling, existing at the time of adoption of this Bylaw, into a two family dwelling, provided the lot is at least 60,000 square feet in area.

    3. Use of a trailer or a mobile home as a temporary dwelling for a period of 60 days.  Renewals may be granted at the discreation of the Board of Appeals.

4. Use of a trailer or mobile home as a permanent dwelling provided it meets all building, zoning and sanitation codes of the town. The term "trailer or mobile home" as used here is defined in General Laws, Chapter 140, S 32 L. as follows:-- "a dwelling unit built on chassis and containing complete electrical, plumbing and sanitary facilities, and designed to be installed on a temporary or permanent foundation for permanent living quarters.

## NOTE:

If trailers and mobile homes are not to be allowed, add the following sentences to the above 3 and drop 4:--

"This Bylaw is not to be construed as meaning a trailer or mobile home is permitted as a permanent dwelling. Ther term, "trailer or mobile home", as used here is defined in General Laws, Chapter 140, §32L, as follows:-- "a dwelling unit built on a chassis and containing complete electrical, plumbing and sanitary facilities, and designed to be installed on a temporary or permanent foundation for permanent living quarters.

5. Commercial use of property, including billboards and advertising on buildings, subject to appropriate conditions where such are deemed necessary to protect the neighborhood and town.

C. Accessory Uses in Agriculture - Residential District:--
In an Agricultural-Residential District the following uses are hereby specifically declared to be customary accessory uses within the meaning of this Bylaw:--

1. Use of a room or rooms in a dwelling for customary home occupations conducted by resident occupants, such as dressmaking, millinery, or for the work of a resident member of a recognized profession.

2. Use of premises or building thereon in connection with his trade by a resident carpenter, electrician, painter, plumber or other similar trade, provided that no manufacturing or business requiring continuous employment of more than one person be carried on therein.

3. Display of not more than two signs pertaining to a permitted use with a total area of not more than twelve (12) square feet.

## ARTICLE 4

## AREA, YARD, FLOOR AREA AND COVERAGE REGULATIONS

### Section 1

A dwelling hereafter erected in Agricultural-Residential District shall be located on a plot having not less than ( 2½ Acres ) of area and not less than 300 feet of frontage on a way. A lot or parcel of land having an area or frontage of lesser amounts than required above may be considered as coming within the area and frontage requirements of this section provided such lot or parcel of land was listed in the Assessor's records, or shown in a plan or described in a deed duly recorded or registered at the Registry of Deeds at the time of adoption of this Bylaw, and did not, at the time of such adoption adjoin other adjacent land of the same owner available for use in connection with such lot or parcel.

Section 2

A dwelling hereafter erected and any addition to an existing structure shall be located not less than 40 feet from the nearest part of any way.

Section 3

A dwelling hereafter erected and any addition to an existing structure shall be so located on the lot as to provide a side yard of not less than 25 feet, and a rear yard of not less than 25 feet.

Section 4

A dwelling hereafter erected shall have not less than a minimum first floor area of 600 square feet, and shall not exceed 35 feet in overall height.

## ARTICLE 6
## DRIVEWAY STANDARD

Section 1. **Definition**.
1. A driveway shall be defined as the portion of a lot which is prepared for vehicular access to and from a public way.
2. Common driveways shall not be allowed in the Town of Montgomery.

Section 2. **Procedure:**
1. The property owner, or authorized agent, shall follow the driveway permit process as outlined on the driveway application form. The property owner shall be liable for all fines for non-compliance and all damages to the public road.
2. No driveway shall be constructed without having obtained a driveway application from the Montgomery Town Secretary. The completed application must be reviewed and approved by the Conservation Commission, the Highway Superintendent and the Planning Board. If it is determined that the driveway will impact a "wet-land", then the applicable laws regarding wet-lands will apply to the construction of the Driveway.
3. The Planning Board shall issue the permit within twenty-one (21) days or shall render a decision in writing specifying the reasons for denial, and shall base that decision upon the opinion of the Highway Superintendents considerations of Public Safety. If no action is taken by the Planning Board, the permit shall be deemed granted.
4. The construction of the driveway shall conform in all respects to the construction standards set by the Town of Montgomery, and shall be performed within one (1) year of the date of issuance of the permit. A permit may be extended by the Planning Board for one additional year upon written request by the applicant.

Section 3. **Construction:**
1. The Superintendent of Highways will inspect the installation of driveway entrances from the property line to the intersection of any public way. This shall include any necessary culverts, ditches, embankments, warning signs, paving or blacktop.
2. These standards shall apply to all new driveway openings and shall apply to any existing driveway openings when a change to layout, size, width, drainage or location occurs.
3. Driveways shall be connected to the street in such a way as to provide safe vehicular entry to and exit from the street at an angle of between 60 and 90 degrees, and so as not to create any hazards for other vehicles, or impede the use of said public way, to emergency vehicles such as Police, Fire trucks and Ambulances.
4. Driveways shall be constructed to allow emergency vehicles to turn into the driveway from both directions on the road and to traverse the full length of the driveway up to the dwelling (zoning regulation). Driveways shall begin at the edge of the paved or dirt road with a minimum width of twenty-four (24) feet, reducing to no less than twelve (12) feet wide with minimum six (6) foot radius transitions on each side of the driveway and containing to its terminus, maintaining the minimum twelve (12) foot width.
5. The entrance grade must be no more than a 6% slope from that of the road grade, back to the property line - or twenty (20) feet into the driveway from the edge of the existing road surface, so that there is a flat area for a vehicle to rest before proceeding out into the road.
6. Driveways shall be connected to the public street in such a way as not to create a danger of overloading or impeding the operation of street drainage facilities, and so as not to create a danger of flooding or erosion on other lots.
7. If it is deemed by the Highway Superintendent that a culvert or culverts is required, he shall determine the size (width and length) of said culvert.
8. The driveway must be located no less than 25 feet from the abutter's property line.

Section 4.  **Costs:**

1.  Any and all costs incurred in the construction of such Driveway(s) shall be the responsibility of the landowner or his agent  Driveway permits may require that the landowner or his agent install, at his own expense, such facilities as are deemed necessary to insure all standards are met. This may include culverts, ditches, embankments, warning signs, paving or blacktop, (if the driveway is being paved) from the edge of the road surface back to the property line.

Section 5.  **Penalties and Fines:**

1.  The following penalties and fines shall be imposed upon the landowner or his agent for any infractions of the standards set forth in this Bylaw regarding Driveway Standards.

    Upon being cited in writing by the Highway Superintendent, the landowner will have 30 days in which to correct (or have corrected) the infraction. Unless the infraction is corrected, fines will be imposed on the 31st day after written notice has been received.

    Enforcement Agent.  Selectboard

| Maximum Fine Allowed: | $100.00 daily |
|---|---|
| 1st Offense: | WARNING |
| 2nd Offense: | $25.00 |
| 3rd Offense | $50.00 |
| 4th Offense: | $100.00 each day |

Each day a violation exists shall be deemed to be a separate violation

## ADMINISTRATION

1. Board of Appeals.

There shall be a Board of Appeals of three (3) members and two (2) associate members appointed by the Selectmen as provided in Chapter 40A of the General Laws which shall act on all matters concerning Zoning, Building Code, and Subdivision, if any, within its jurisdiction under this Bylaw in the manner prescribed in Chapter 40A of the General Laws.

2. Enforcement

This Bylaw shall be enforced by the Board of Selectmen, either directly or by an Inspector appointed by them; and upon any well founded information as to a violation, the said Board shall take immediate steps to enforce this Bylaw in any manner provided by law. A complaint regarding a violation of this Bylaw should be presented to the Selectmen in writing and the complainant should be prepared to appear in court to sign a complaint against the violating party.

3. Violations

Any person violating any of the conditions under which a permit or special permit is issued, or any decision rendered by the Board of Appeals, or any of the provisions of this Bylaw, shall be subject to criminal prosecution by indictment or complaint brought before the District Court, and the offending party may be fined a sum not exceeding fifty dollars ($50.00) for each offense. Each day that such violation continues shall constitute a separate offense.

4. Validity

The invalidity of any section or provision of this Bylaw shall not invalidate any other section or provision hereof.

5. Amendments

This Bylaw or any portion thereof may be amended by a two-thirds (2/3) vote at any regular town meeting, as provided for and in pursuance of the provisions of General Laws, Chapter 40A.

# LAW OFFICE OF MEILMAN & COSTA, P.C.

70 WELLS AVENUE, SUITE 200
NEWTON, MA 02459

E.K. MEILMAN
WASH. & COLO.)
COSTA

ICMAHON

TELEPHONE  (617) 969-9500
FACSIMILE  (617) 969-0020

December 23, 2004

**VIA FEDERAL EXPRESS**

Thomas Clark, Building Inspector
Town of Montgomery
161 Main Road
Montgomery, MA  01805

      Re:    Request for Cease and Desist Order

Dear Mr. Clark:

I am writing on behalf of my clients, Dennis and Joann Page of 122 Carrington Road, Montgomery, Massachusetts.  I am writing to request that you issue an order to Ms. Elsie M. Lafond, who is the owner of the property that abuts the Page's property and is identified by the Town of Montgomery Assessor's Office as Parcel ID 1 350 8 (hereinafter "the subject property"), to cease and desist gravel pit activities.  The reason for this request is that Ms. Lafond, or her designee, has recently begun to use the subject property as a gravel pit in violation of the Zoning Bylaw of the Town of Montgomery.

Pursuant to Massachusetts General Law chapter 40A section 7, a town's building inspector is charged with enforcement of its zoning bylaws.  Also pursuant to that statute, no permit or license shall be granted for a new use of land that would be in violation of a zoning bylaw. M.G.L. c. 40A § 7.  Pursuant to these statutory provisions, we are directing this request to you for your action.  If you decline to act to enforce the Zoning Bylaw of the Town of Montgomery in response to this request, you are required to notify us in writing within fourteen (14) days of your receipt of this request.

The basis for this request is that the use of the subject property as a gravel pit is in violation of uses permitted by the Zoning Bylaw of the Town of Montgomery.  As of November, 2004, the use of the subject property changed from agricultural to a gravel pit. A simple visual inspection of the subject property confirms that it is now being used as a gravel pit.  My clients' residence abuts the subject property and they have informed me that this new activity began this past fall.

Pursuant to Article 2, Section 1 of the Zoning Bylaw of the Town of Montgomery, the entire Town of Montgomery is designated as an Agricultural-Residential District.  Pursuant to Article 3, Section 1 A, the permitted uses of property designated as Agricultural-Residential are: farm and nursery; detached one-family dwelling; religious, educational, or municipal; and the renting of rooms or board for not

Thomas Clark, Building Inspector
Town of Montgomery
12/23/2004
Page 2


more than four (4) persons in a dwelling. The permitted uses of property so-designated
do not include use as a gravel pit. Such use is in direct violation of the zoning bylaw and
interferes with Page's permitted use of their property as a one-family dwelling. Upon
information and belief, the owner of the property did not obtain a change of use permit
from the Town of Montgomery or any other permit or order that would allow for the use
of the property in contravention of the town's zoning bylaw. As this new use of the
property is not in compliance with the town's zoning bylaw and no permit or other order
excepting the property from the town's zoning bylaw has been granted, we are requesting
that you issue an order to Ms. Elsie M. Lafond as the owner of the subject property to
cease and desist from using it as a gravel pit.

You should be aware that a separate parcel of property in the area of the subject
property that is also owned by Ms. Elsie M. Lafond has been used as a gravel pit. This
property is identified by the Town of Montgomery Assessor's Office as Parcel ID 1 236
88. This property does not directly abut the Page's property and is not the subject of this
request.

To assist your understanding of the area in question, we have provided an aerial
photograph of the area. The photograph was taken in April of 2001 and shows the Page's
property, the subject property, and the property that has been used as a gravel pit near the
train tracks and the Westfield River. The photograph confirms that the subject property
was not being used as a gravel pit as of April, 2001 when the photograph was taken. The
dotted lines drawn on the photograph show the approximate extent of the new gravel pit
use. The additional pictures show the gravel pit activity at the subject property and were
taken from the locations indicated by the corresponding numbers on the aerial
photograph.

If you have any questions regarding this request, please do not hesitate to contact
me. I look forward to hearing from you.

                                        Very truly yours,

                                        Nelson J. Costa

C:      Dennis and Joann Page (w/enclosures)
        Martin O'Connell, Esq. (w/enclosures)


\\Relia-tech\my documents\sec2001-4\Page\Ltr req cease order 122304.doc


Received Time Dec.29. 1:10PM



*The Commonwealth of Massachusetts*

# TOWN OF
# MONTGOMERY

161 Main Road, Montgomery, Massachusetts 01085

## Building Department

January 13, 2005

Elsie M. Lafond
32 Littleville Road
Huntington, MA 01050

RE:  Cease and Desist Order for Gravel Pit
      Property Located off Carrington Road in the Town of Montgomery
      Identified in Assessors Records as ID#'s 1-350-8 and 1-236-88

Dear Mrs. Lafond,

    I have received a letter from the Law Office of Meilman & Costa, P.C., attorneys for
Dennis and Joan Page regarding the above referenced property.  This letter requested that the
building inspector issue a cease and desist order concerning the use of your property as a
gravel pit.  I have reviewed the Town's records as well as the zoning bylaws.  Based on my
review, I have determined that the present use of your property as a gravel pit is unlawful.  I
am hereby ordering you to cease and desist use of the above referenced property as a gravel
pit.  This order is to be effective immediately.

Sincerely yours,

*Elwin R. Clark Jr.*

Elwin R. Clark, Jr.
Building Inspector &
Zoning Enforcement Officer

Cc:  Gail Donovan of Donovan Bros. Inc.
     Frank Antonucci of Antonucci & Associates
     Nelson J. Costa of Law Office of Meilman & Costa, P.C.
     Jonathan D. Eichman of Kopelman and Paige P.C., Town Attorney

# FRANK E. ANTONUCCI, ESQ.
## COUNSELOR AT LAW

83 STATE STREET, SUITE 203
SPRINGFIELD, MA 01103-2009
(413) 737-4667
(800) 325-1109
FAX(413) 731-0602
Email Admin@Antonucci-Law.Com

36 CLIFFWOOD STREET
LENOX, MA 01240
(413) 637-3400
FAX (413) 637-0295
Email LENOX@Antonucci-Law.Com

t OFFICES IN:
fELD, MA
BARRINGTON, MA

ADDRESS REPLY TO: [ X ] SPRINGFIELD

[   ] LENOX

February 16, 2005

Mr. Robert Pike, Chairman
Zoning Board of Appeals
1689 Russell Road
Montgomery, MA 01085

RE    :    *Notice of Appeal Under G.L. c.40A, § 8 & 15*
           *Property Located off Carrington Road in the Town of Montgomery, MA ("Premises")*

*Appellant #1*    :    **Mr. Gale Donovan d/b/a Donovan Brothers, Inc. ("Appellant #1")**
                       **87 Worthington Road, Montgomery, MA  01085**

*Appellant #2*    :    **Ms. Elsie M. Lafond, 32 Littleville Road, Huntington, MA, 01050 ("Appellant #2")**

Dear Mr. Pike:

Enclosed herewith is the *Notice of Appeal* in accordance with the procedural requirements of
the Massachusetts Zoning Act, G.L. c. 40A, §15, by the above-named Appellants from the *Cease and
Desist Order* issued by the Town of Montgomery Building Inspector and Zoning Enforcement Officer
relative to the operations being conducted at the subject property.  I have attempted to determine the
amount of the required filing fee, if any, but have not been able to do so.  Therefore, a check in the
amount of $100.00 was paid to Ms. Jane Thielen on 2/10/05.  I will pay any additional fee(s) owed
should the Town Bylaws, rules, regulations and/or Ordinances indicate that the payment is not in a
sufficient amount.  If the fee that I have tendered is more than the amount necessary, I respectfully
request that the overpayment be returned to my office.

In accordance with G.L. c.40A, §15, I serving a copy of the enclosed *Notice of Appeal*,
including the date and time of filing certified Ms. Jane Thielen as representative of the City Clerk, upon
you as Chairperson of the Zoning Board of Appeals and a copy shall also be served upon the Building
Inspector and Zoning Enforcement Officer, Elwin R. Clark, Jr.



Robert Pike, Chairman
Zoning Board of Appeals
Town of Montgomery
Page 2
February 16, 2005

RE:     *Appellants: G. Donovan d/b/a Donovan Brothers, Inc. and Elsie R. Lafond*
        *Premises  : Property off Carrington Road in Montgomery, MA*

        I respectfully request to be informed of any official action with respect to this appeal, including the publication of notice of public hearing.  Thank you for your courtesy and attention.

                                    Sincerely,

                                    *Frank E. Antonucci*

                                    Frank E. Antonucci, Esq.

FEA/sms

Encl:    Notice of Appeal

<u>Via Cert. Mail, R.R.R.</u>
#7004 1160 0006 1275 0310

                *reg-mail*

---

**NDER: COMPLETE THIS SECTION**

Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
Print your name and address on the reverse so that we can return the card to you.
Attach this card to the back of the mailpiece, or on the front if space permits.

Article Addressed to:

*obert Pike, Chairman ZBA*
*own of Montgomery*
*68 9 Russell Rd*
*Montgomery, MA  01085*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  *Jane R. Thielen*     ☐ Agent
                         ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
   *Jane R. Thielen*              2-17-05

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☒ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

rticle Number
ransfer from service label)    7004 1160 0006 1275 0310

orm 3811, February 2004       Domestic Return Receipt              102595-02-M-1540

PS Form 3800, June 2002       See Reverse for Instructions

FEB 10 AM 11:00

# FRANK E. ANTONUCCI, ESQ.
## COUNSELOR AT LAW

83 STATE STREET, SUITE 203
SPRINGFIELD, MA 01103-2009
(413) 737-4667
(800) 325-1109
FAX (413) 731-0602
Email Admin@Antonucci-Law.Com

36 CLIFFWOOD STREET
LENOX, MA 01240
(413) 637-3400
FAX (413) 637-0295
Email LENOX@Antonucci-Law.Com

OTHER OFFICES IN:
WESTFIELD, MA
GREAT BARRINGTON, MA

FRANK E. ANTONUCCI
MICHAEL E. KOKONOWSKI
THOMAS A. KOKONOWSKI

ADDRESS REPLY TO: [ X ] SPRINGFIELD

[   ] LENOX

February 9, 2005

Judith Murphy, Town Clerk
Town of Montgomery
161 Main Road
Montgomery, MA 01085

**RE** : *Notice of Appeal Under G.L. c.40A, § 8 & 15*
*Property Located off Carrington Road in the Town of Montgomery, MA ("Premises")*

*Appellant #1* : *Mr. Gale Donovan d/b/a Donovan Brothers, Inc. ("Appellant #1")*
*87 Worthington Road, Montgomery, MA 01085*

*Appellant #2* : *Ms. Elsie M. Lafond, 32 Littleville Road, Huntington, MA, 01050 ("Appellant #2")*

*Nature of Appeal:* This is an appeal to the permit granting authority under the procedures of the Massachusetts Zoning Act, G.L. c. 40A, § 8 & 15, taken by a person aggrieved by the Order of the Town of Montgomery Building Inspector & Zoning Enforcement Officer, Elwin R. Clark, Jr., ordering the Appellants to:

"...*cease and desist use of the above referenced property as a gravel pit. This order is to be effective immediately.*"

(A copy of said Cease and Desist Order is attached hereto as "Exhibit A"). The Appellants seek action from the Building Inspector & Zoning Enforcement Officer, Elwin R. Clark, Jr., to reverse this Order.

**Grounds for Appeal:**

1. On or about January 13, 2005, the Building Inspector and Zoning Enforcement Officer for the Town of Montgomery served upon the Appellant, Elsie M. Lafond, the owner of record of the subject property and the Appellant, Mr. Gale Donovan of Donovan Brothers, Inc., a copy of Exhibit A attached hereto. The Building Inspector and Zoning Enforcement Officer further verbally indicated to Mr. Donovan that he should cease and desist all operations and the extracting of gravel on the aforementioned property. At that time, the Appellant, Gale Donovan d/b/a Donovan Brothers, Inc., was a prospective purchaser of the subject property.

Page 2
February 9, 2005

2.  The property owner and Appellant #2, Elsie M. Lafond, has allowed the Appellant Gale Donovan d/b/a Donovan Brothers, Inc. to extract gravel from the Carrington Road property for a number of years prior to January 13, 2005. Prior to January 13, 2005 the Appellants had not been approached by nor were they provided with any information concerning the alleged violation of the Zoning Bylaws of the Town of Montgomery that gives rise to the apparent Cease And Desist Order.

3.  On or about January 13, 2005 as aforementioned, the Building Inspector and Zoning Enforcement Officer issued the Cease And Desist Order that is the subject of this appeal. Said Cease And Desist Order should be revered on the grounds that:

    a.  Said Cease And Desist Order is outside the scope of authority of the Building Inspector and Zoning Enforcement Officer;

    b.  Said Cease And Desist Order is based upon an error of law;

    c.  Said Cease And Desist Order is not substantiated by the facts in this matter;

    d.  Said Cease And Desist Order is based upon a legally untenable ground and/or is made upon an unlawful procedure and/or is otherwise not in accordance with law and/or is unreasonable, whimsical, capricious and/or arbitrary;

    e.  Said Cease And Desist Order fails to adequately notify the Appellants of the basis under which he and she are not in compliance with the "... *Town's records as well as the zoning bylaws*", including which alleged permits, variances and/or licenses the Appellants are required to obtain in accordance with Massachusetts General Laws, building codes, and/or the Town of Montgomery's Zoning Bylaws.

**Relief Requested:**  The Appellants request that the Zoning Board exercise powers pursuant to the Massachusetts Zoning Act, the Town of Montgomery Zoning Bylaws and Ordinances and, after public notice and hearing, reverse the Cease and Desist Order of the Building Inspector and Zoning Enforcement Commissioner.

Respectfully submitted,

Gale Donovan d/b/a Donovan Brothers, Inc. and
Elsie M. Lafond, Appellants

By Their Attorney,

Frank E. Antonucci, Esq.

FEA/sms
Enclosures (Exhibit A)

Via Certified Mail, R.R.R.
#7004 1160 0006 1275 0297

Via Federal Express Overnight Mail
#8493 5751 0494





*The Commonwealth of Massachusetts*

# TOWN OF MONTGOMERY

161 Main Road, Montgomery, Massachusetts 01085

## Building Department

January 13, 2005

Elsie M. Lafond
32 Littleville Road
Huntington, MA 01050

RE: Cease and Desist Order for Gravel Pit
　　Property Located off Carrington Road in the Town of Montgomery
　　Identified in Assessors Records as ID#'s 1-350-8 and 1-236-88

Dear Mrs. Lafond,

I have received a letter from the Law Office of Meilman & Costa, P.C., attorneys for Dennis and Joan Page regarding the above referenced property. This letter requested that the building inspector issue a cease and desist order concerning the use of your property as a gravel pit. I have reviewed the Town's records as well as the zoning bylaws. Based on my review, I have determined that the present use of your property as a gravel pit is unlawful. I am hereby ordering you to cease and desist use of the above referenced property as a gravel pit. This order is to be effective immediately.

Sincerely yours,



Elwin R. Clark, Jr.
Building Inspector &
Zoning Enforcement Officer

Cc: Gail Donovan of Donovan Bros. Inc.
　　Frank Antonucci of Antonucci & Associates
　　Nelson J. Costa of Law Office of Meilman & Costa, P.C.
　　Jonathan D. Eichman of Kopelman and Paige P.C., Town Attorney

Received Time Apr. 2:25PM

Montgomery Zoning Board of Appeals
Montgomery, Mass.

April 18, 2005

Gale Donovan dba Donovan Brothers
87 Worthington Road
Huntington, Ma   01050

Dear Mr. Donovan:

We wish to inform you that the Montgomery Zoning Board of Appeals
met for the second time on 4/14/05 and concluded the hearing on
your appeal for relief from the Cease and Desist order issued by
the Town Building Inspector, Mr. Clark.

We had originally met on 3/15/05 to discuss the Order and found we
ran into much opposition from the Carrington Road abutters.  We
heard testimony from both sides and concluded that a meeting
extension for one month was in order.  Both sides were asked to
meet with each other and see if they could come to an agreement.
No agreement was reached although you and some others did try.

The Zoning board had a vote after learning no agreement was
forthcoming and several people were heard giving more input.  The
board had a split decision (2 for the Cease and Desist and 1
against).  Mass general law requires a unanimous decision and
therefore the Board of Appeals is required to leave the Cease and
Desist Order in place.

If you have questions, please call me.

Sincerely,
Robert W. Pike Jr., Chairman


Robert Pike               Joanne Hebert           Joseph Fontaine

### COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF THE TRIAL COURT

HAMPDEN, SS.

SUPERIOR COURT DEPT.
CIVIL ACTION #05-479

DONOVAN BROS, INC., and
ELSIE M. LAFOND,
      Plaintiffs

vs.

JOSEPH FONTAINE, JOANNE HEBERT
and ROBERT W. PIKE, JR.,
as they are the Zoning Board of Appeals
of the Town of Montgomery, and
ELWIN R. CLARK, JR.,
as he is the Building Inspector &
Zoning Enforcement Officer of
the Town of Montgomery,
      Defendants

HAMPDEN COUNTY
SUPERIOR COURT
FILED

MAY 19 2005

_Sharie Blaggs_
CLERK-MAGISTRATE

_TD._

### PLAINTIFF'S AFFIDAVIT OF NOTICE OF FILING

Now comes Frank E. Antonucci, counsel for the plaintiff in this matter and, under oath, deposes
and states the following:

1.     I am an attorney in good standing licensed to practice law in the Commonwealth since
1972.

2.     I am the attorney for the plaintiffs in this action.

3.     Notice is hereby given that Donovan Brothers, Inc. has, on this 6th day of May 2005, filed
its complaint in the Hampden County Superior Court appealing the decision of the Town
of Montgomery Zoning Board of Appeals dated April 18, 2005 and filed on April 21,
2005 with the Town Clerk's office.

4.     I am hand-delivering a copy of the complaint with this Notice to the Town of
Montgomery Clerk's office on this 12th day of May 2005.

Signed under the pains and penalties of perjury this 12th day of May 2005.

Frank E. Antonucci

A true copy:

Attest:

Donna M. Rubel
DEPUTY Assistant Clerk

2.1

HAMPDEN, ss.

May 12, 2005

On this 12th day of May 2005 before me, the undersigned notary public, personally appeared Frank E. Antonucci, proved to me through satisfactory evidence of identification which is personal knowledge to be the person whose name is signed on the preceding document and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

Susan M. Sowa, Notary Public
My Commission Expires 9/24/2010

Received By: _____, Town of Montgomery
Administrative Secretary

On May _12_, 2005 at _10:45_ (a.m.)/ p.m.

MAY 12 AM 10:44

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05- 479 | T. l Court of Massachusetts Superior Court Department County: HAMPDEN |
|---|---|---|

| PLAINTIFF(S) Donovan Brothers, Inc. and Elsie M. LaFond | DEFENDANT(S) Joseph Fontaine, Joanne Hebert, and Robert W. Pike, Jr., as they are the Zoning Board of Appeals for the Town of Montgomery, and Edwin R. Clark, Jr as |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Frank E. Antonucci, Esq. 83 State Street, Suite 203 Springfield, MA 01103-2009 Board of Bar Overseers number: 020260 (413) 737-4667 | ATTORNEY (if known) he is the Building Inspector and Zoning Enforcement Officer of the Town of Montgomery |

Origin code and track designation

FILED
SUPERIOR COURT
MAY - 6 2005
CLERK/MAGISTRATE

Place an x in one box only:

[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| C02 | ZONING APPEAL | ( F ) | ( ) Yes   ( x ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
  2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
  3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
  4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
  5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
                                                                                    Subtotal $. . . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . $. . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . . .
F. Other documented items of damages (describe)
                                                                                            $. . . . . . . . . . . .
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

**A true copy:**

**Attest:**
                                                                                            $. . . . . . . . . . . .
                                                                            TOTAL $. . . . . . . . . . . .

Donna M Buhl
**DEPUTY Assistant Clerk**

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                                            TOTAL $. . . . . . . . . . . .

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT
              N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ Frank E. Antonucci, Esq. _____ DATE: 5/6/05

AOTC-6 mtc005-11/99

## CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**

| | | |
|---|---|---|
| A01 | Services, labor and materials | (F) |
| A02 | Goods sold and delivered | (F) |
| A03 | Commercial Paper | (F) |
| A08 | Sale or lease of real estate | (F) |
| A12 | Construction Dispute | (A) |
| A99 | Other (Specify) | (F) |

**TORT**

| | | |
|---|---|---|
| B03 | Motor Vehicle negligence-personal injury/property damage | (F) |
| B04 | Other negligence-personal injury/property damage | (F) |
| B05 | Products Liability | (A) |
| B06 | Malpractice-medical | (A) |
| B07 | Malpractice-other(Specify) | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) |
| B15 | Defamation (Libel-Slander) | (A) |
| B19 | Asbestos | (A) |
| B20 | Personal Injury-Slip&Fall | (F) |
| B21 | Environmental | (A) |
| B22 | Employment Discrimination | (F) |
| B99 | Other (Specify) | (F) |

**REAL PROPERTY**

| | | |
|---|---|---|
| C01 | Land taking (eminent domain) | (F) |
| C02 | Zoning Appeal, G.L. c.40A | (F) |
| C03 | Dispute concerning title | (F) |
| C04 | Foreclosure of mortgage | (X) |
| C05 | Condominium lien and charges | (X) |
| C99 | Other (Specify) | (F) |

**EQUITABLE REMEDIES**

| | | |
|---|---|---|
| D01 | Specific performance of contract | (A) |
| D02 | Reach and Apply | (F) |
| D06 | Contribution or Indemnification | (F) |
| D07 | Imposition of Trust | (A) |
| D08 | Minority Stockholder's Suit | (A) |
| D10 | Accounting | (A) |
| D12 | Dissolution of Partnership | (F) |
| D13 | Declaratory Judgment G.L.c.231A | (A) |
| D99 | Other (Specify) | (F) |

**MISCELLANEOUS**

| | | |
|---|---|---|
| E02 | Appeal from administrative Agency G.L. c. 30A | (X) |
| E03 | Action against Commonwealth Municipality, G.L. c.258 | (A) |
| E05 | All Arbitration | (X) |
| E07 | c.112,s.12S (Mary Moe) | (X) |
| E08 | Appointment of Receiver | (X) |
| E09 | General contractor bond, G.L. c.149,s.29,29a | (A) |
| E11 | Workman's Compensation | (X) |
| E14 | Chapter 123A Petition-SDP | (X) |
| E15 | Abuse Petition, G.L.c.209A | (X) |
| E16 | Auto Surcharge Appeal | (X) |
| E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| E18 | Foreign Discovery proceeding | (X) |
| E96 | Prisoner Cases | (F) |
| E97 | Prisoner Habeas Corpus | (X) |
| E99 | Other (Specify) | (X) |

2005 MAY -6 P 3:

CLERKS OFFICE
SUPERIOR COURT
HAMPDEN COUNTY

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [X] Yes     [ ] No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

**COMMONWEALTH OF MASSACHUSETTS**
**DEPARTMENT OF THE TRIAL COURT**

HAMPDEN, ss.                                    SUPERIOR COURT DEPARTMENT
                                                CIVIL ACTION NO. 05-479

DONOVAN BROS, INC., and
ELSIE M. LAFOND,
              Plaintiffs

vs.                                             HAMPDEN COUNTY
                                                SUPERIOR COURT
                                                **FILED**
JOSEPH FONTAINE, JOANNE HEBERT
and ROBERT W. PIKE, JR.,                        MAY 3 1 2005
as they are the Zoning Board of Appeals
of the Town of Montgomery, and                  _Marie S. Mazza_
ELWIN R. CLARK, JR.,                            CLERK-MAGISTRATE
as he is the Building Inspector &
Zoning Enforcement Officer of
the Town of Montgomery,
              Defendants

### *PLAINTIFFS' AFFIDAVIT OF SERVICE*

        Now comes Frank E. Antonucci, attorney for the plaintiffs herein, and under oath deposes and
states the following:

1.      I am an attorney in good standing licensed to practice law in the Commonwealth of
Massachusetts since 1972.

2.      I am counsel of record for the plaintiffs in this matter.

3.      Plaintiffs' *Complaint for Appeal* was filed with this Court on May 6, 2005.

4.      In accordance with M.G.L. c.40A, §17, I mailed a copy of the Complaint to all defendants via
first class certified mail, return receipt requested, postage prepaid on May 12, 2005.

5.      All defendants have received the Complaint as indicated by the copies of the green return receipt
cards attached bearing their respective signatures. (#7004 1160 0006 1275 0655, #7004 1160 0006 1275
0662, #7004 1160 0006 1275 0679 and #7004-1160 0006 1275 0648).

        Signed under the pains and penalties of perjury this 27th day of May, 2005.

                                                _Frank C. Antonucci_
                                                Frank E. Antonucci, Esq.
                                                Attorney for the Plaintiffs
**A true copy:**                                83 State Street, Suite 203
                                                Springfield, MA  01103-2009
                                                (413) 737-4667 (ph)
    **Attest:**                                 (413) 731-0602 (fax)

        _Donna M. Buikl_
    DEPUTY Assistant Clerk

                                                                                    1

                                                                                   _3_

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS.                                        MAY 27, 2005

On this 26th day of May 2005 before me, the undersigned notary public, personally appeared Frank E. Antonucci, proved to me through satisfactory evidence of identification which is personal knowledge to be the person whose name is signed on the preceding document and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

Susan M. Sowa, Notary Public
My Commission Expires 9/24/2010

2

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Elwin R. Clark Jr.
Bldg. Inspector + Zoning
Enforc. Official
Town of Montgomery
Town Hall
161 Main Rd.
Montgomery, MA 01085

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X E Clark
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
E E CLARK    5/20/05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:    ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☑ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7004 1160 0006 1275 0679

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Joseph Fontaine
Town of Montgomery ZBA
3 Birch Bluff Road
Montgomery, MA 01085

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X [signature]
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Joseph L. Fontaine    5/25/05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:    ☑ No

WESTFIELD MA 01085
MAY 25 2005

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☑ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7004 1160 0006 1275 0648

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Robert W. Pike, Jr.
Chairperson - Z.B.A
Town of Montgomery
1689 Russell Road
Montgomery, MA 01085

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Robert W. Pike_   ☐ Agent  ☒ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
Robert Pike   5/8/05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7004 1160 0006 1275 0655

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ms. Joanne Hebert
Town of Montgomery
Zoning Board of Appeals
1582 Russell Rd.
Montgomery, MA 01085

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Paul T Hebert_   ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
PAUL T Hebert   5/8/05

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7004 1160 0006 1275 0662

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540