UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30136-MAP

| | |
|---|---|
| DONOVAN BROS, INC., and<br>ELSIE M. LAFOND,<br><br>       Plaintiffs<br><br>vs.<br><br>JOSEPH FONTAINE, JOANNE HEBERT, and<br>ROBERT W. PIKE, JR., as they are the<br>Zoning Board of Appeals of the Town of Montgomery;<br>ELWIN R. CLARK, JR., as he is the Building Inspector &<br>Zoning Enforcement Officer of the Town of Montgomery; and<br>Wayne L. Morse, Chairman, Charles R. Peckham, and<br>Daniel Jacques, as they are the<br>Board of Selectmen of the Town of Montgomery,<br>       Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Now come the Plaintiffs in the above-captioned mater, and move this Honorable Court for leave to file an amended complaint on the following grounds:

1. On or about May 6, 2005, the Plaintiffs filed their Complaint in the Hampden County Superior Court, appealing the imposition of a Cease and Desist Order by the Defendants upon the Plaintiffs relating to the Plaintiffs use of certain property within the Town of Montgomery as a gravel pit/earth removal operation.

2. Since the time which the Plaintiffs filed their original complaint, the Plaintiffs have learned of additional facts which establish that the wrongful issuance of the said Cease and Desist Order was based upon impermissible considerations of residency, and/or a malicious or bad faith intent to injure the Plaintiffs by the Defendants and certain government officials who

are superiors (and appointing officials) of the Defendants within the Town of Montgomery. These facts are important to enable the Plaintiffs' to maintain their original Complaint, and give rise to additional claims for damages.

3. By reason of the matters of fact aforesaid, the Plaintiffs are advised that they are entitled to relief in accordance with the additional facts contained within their Count II of their amended complaint (a copy of which is attached hereto as Exhibit "A").

4. The new facts contained in the Plaintiffs' amended complaint are necessary to enable the Plaintiffs herein to prove their cause, and therefore the amendment sought herein is in furtherance of justice.

Wherefore, the Plaintiffs move that leave may be granted to file an amended complaint against the Defendants and others, for the purpose of alleging the matters of fact aforesaid as they appear in the amended complaint attached hereto, and demanding such relief as may be proper.

The Plaintiffs,
DONOVAN BROS, INC., and
ELSIE M. LAFOND,

By: *[signature]*
FRANK E. ANTONUCCI, ESQ.
83 State Street, Suite 203
Springfield, MA 01103
Tel: (413) 737-4667
Fax: (413) 731-0602
BBO# 020260

2

CERTIFICATE OF SERVICE

I, Frank E. Antonucci,, do hereby certify that on this 27th day of July, 2005, I caused the foregoing to be served on all parties of record in this action by mailing, first class, postage pre-paid, to the following:

Joel E. Bard, Esq.
Jonathan D. Eichman, Esq.
KOPELMAN and PAGE, P.C.
31 St. James Avenue
Boston, MA 02116

/s/ FRANK E. ANTONUCCI, ESQ.
83 State Street, Suite 203
Springfield, MA 01103
Tel: (413) 737-4667
Fax: (413) 731-0602
BBO# 020260

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30136-MAP

DONOVAN BROS, INC., and )
ELSIE M. LAFOND, )
)
                   Plaintiffs )
)
vs. )
)
JOSEPH FONTAINE, JOANNE HEBERT, and )
ROBERT W. PIKE, JR., as they are the )
Zoning Board of Appeals of the Town of Montgomery; )
ELWIN R. CLARK, JR., as he is the Building Inspector & )
Zoning Enforcement Officer of the Town of Montgomery; and
Wayne L. Morse, Chairman, Charles R. Peckham, and )
Daniel Jacques, as they are the )
Board of Selectmen of the Town of Montgomery, )
                   Defendants )

## *PLAINTIFF'S AMENDMENT TO COMPLAINT*

### COUNT II

28. The Plaintiffs adopt, repeat and reallege the allegations set forth in Paragraphs 1 through 27 of their Complaint, and incorporate them by reference into this Count II.

### JURISDICTION

29. This Court has subject matter jurisdiction over the claims set forth in this Count II under 28 U.S.C. § 1331 & 42 U.S.C. § 1983.

### ADDITIONAL PARTIES

30. The Defendants, Wayne L. Morse, Chairman, Charles R. Peckham, and Daniel Jacques, are members of the Board of Selectmen of the Town of Montgomery (hereinafter referred to as the "MONTGOMERY BOARD OF SELECTMEN"), who reside as follows:

| | |
|---|---|
| Wayne L. Morse, Chairman, | 102 Carrington Road, Montgomery, MA |
| Charles R. Peckham, | 20 Chamberlain Road, Montgomery, MA |
| Daniel Jacques, | 132 Carrington Road, Montgomery, MA |

## FACTUAL ALLEGATIONS

31. There are approximately six (6) gravel pits/earth removal operations that have been and are presently operating within the Town of Montgomery's so-called "Agricultural-residential" zone. Said gravel pits/earth removal operations have been and are currently allowed to operate within the Town of Montgomery, without restriction or requirement for a permit or special permit under the Zoning Bylaw for the Town of Montgomery.

32. The Plaintiffs' gravel pit/earth removal operations on the Premises is similarly situated in all relevant respects to those other gravel pits/earth removal operations that have been and are presently operating within the Town of Montgomery. All such gravel pits are used for the commercial removal of gravel, sand and loam.

33. Despite the similar nature and use of the Plaintiffs' Premises and those other gravel pit/earth removal operations in the Town of Montgomery, the Defendants selectively imposed a Cease and Desist Order upon the Plaintiffs, ordering the Plaintiffs to cease and desist using the Premises as a gravel pit.

34. The selective treatment by the Defendants upon the Plaintiffs was based upon impermissible considerations of residency, and/or malicious or bad faith intent to injure the Plaintiffs.

35. The Plaintiffs are the only non-resident owners/operators of a gravel pit/earth removal

2

operation in the Town of Montgomery. All but one of the other gravel pit/earth removal operations within the Town of Montgomery are either owned or operated by residents of the Town of Montgomery.

36. The Cease and Desist Order issued upon the Plaintiffs was imposed for the purpose of preventing a non-resident from conducting commercial gravel pit/earth removal operations within the Town of Montgomery.

37. The Defendant Member of the Board of Selectmen, Charles Peckham, is the owner/operator of the largest gravel pit/earth removal operation within the Town of Montgomery.

38. The Defendant Member of the Board of Selectmen, Charles Peckham, has advised the Plaintiff, DONOVAN BROS., that he would not relent in his opposition to Donovan Brothers' ability to operate a gravel pit/earth removal operation on the Premises that abuts his property unless the Plaintiffs agreed to transfer title to said Premises to said Member of the Board of Selectmen and another abutter. When said transfer had occurred, the plaintiff, DONOVAN BROS., would no longer have opposition from said abutters and would therefore be allowed to operate a gravel pit/earth removal operation on the Premises, providing they agreed to certain limitations as to hours of operation, methods of removal and reclamation and other conditions imposed by said Member of the Board of Selectmen and another abutter. The Cease and Desist Order issued to the Plaintiffs was imposed in whole or in part for the purpose of preventing the Plaintiffs from conducting a commercial gravel pit and earth removal operation with the Town of Montgomery that is in competition with the defendant Board of Selectman, Charles

Peckham, with a malicious and/or bad faith attempt to injure the Plaintiffs for a limited period of time not to exceed Five (5) years.

39. The Cease and Desist Order issued upon the Plaintiffs was imposed for the purpose of preventing the Plaintiffs from conducting commercial gravel pit/earth removal operations within the Town of Montgomery in competition with the Defendant Board of Selectmen, Charles Peckham, with malicious and/or bad faith intent to injure the Plaintiffs.

40. By way of the acts and conduct of the Defendants as alleged herein, the Defendants have interfered with, or attempted to interfere, by threats, intimidation or coercion, with the exercise of the Plaintiffs' constitutionally protected rights.

41. The Cease and Desist Order imposed by the Defendants constitutes a denial of the Plaintiffs' rights to equal protection under the law as guaranteed by the State and Federal Constitutions, as said Order and Decision of the Defendants constitutes the singling out of the Premises for different treatment from that accorded to other similar lands within the Town of Montgomery indistinguishable from the Premises in kind and character, as well as the wrongful selective treatment of the Plaintiffs compared to others similarly situated within the Town of Montgomery.

42. As a result of the wrongful selective imposition of a Cease and Desist Order by the Defendants in violation of their rights to equal protection under the law as guaranteed by the State and Federal Constitutions, the Plaintiffs have suffered severe economic damages as well as mental anguish and emotional distress, and are entitled to damages as provided by 42 U.S.C. § 1983 and M.G.L. c. 12, § 11I.

WHEREFORE, the Plaintiffs demand:

    a.    That this Honorable Court set aside, vacate and annul the decision of the Defendant, MONTGOMERY ZONING BOARD OF APPEALS, upholding the Cease and Desist Order issued by the Defendant, MONTGOMERY BUILDING INSPECTOR & ZONING ENFORCEMENT OFFICER, upon the Plaintiffs.

    b.    That this Honorable Court enters judgment on behalf of the Plaintiffs for damages in an amount to be determined at trial, plus interest and costs.

    c.    That this Honorable Court awards the Plaintiffs their reasonable attorney's fees and costs.

    d.    That this Honorable Court grants such other and further relief as it deems equitable and just.

The Plaintiffs,
DONOVAN BROS, INC., and
ELSIE M. LAFOND,

By: /s/ Frank E. Antonucci
FRANK E. ANTONUCCI, ESQ.
83 State Street, Suite 203
Springfield, MA 01103
Tel: (413) 737-4667
Fax: (413) 731-0602
BBO# 020260

## CERTIFICATE OF SERVICE

I, Frank E. Antonucci, Esq., counsel for the Plaintiffs, hereby certify that I have served a copy of the foregoing document on the Defendants in this matter by mailing a copy of the same on this 27th day of July 2005 to counsel of record:

Joel E. Bard, Esq.
Jonathan D. Eichman, Esq.
Kopelman And Paige, P.C.
31 St. James Avenue
Boston, MA  02116

Frank E. Antonucci, Esq.
83 State Street, Suite 203
Springfield, MA  01103
Tel: (413) 737-4667
Fax: (413) 731-0602
BBO# 020260