UNITED STATES DISTRICT COURT
DISTRICT FOR MASSACHUSETTS

C.A. NO. 05-30136-KPN

DONOVAN BROS, INC., and ELSIE M. LAFOND,

    Plaintiffs

v.

JOSEPH FONTAINE, JOANNE HEBERT, and ROBERT W. PIKE, JR., as they are the Zoning Board of Appeals of the Town of Montgomery; and ELWIN R. CLARK, JR., as he is the Building Inspector & Zoning Enforcement Officer of the Town of Montgomery; and WAYNE L. MORSE, Chairman, CHARLES R. PECKHAM, and DANIEL JACQUES, as they are the Board of Selectmen of the Town of Montgomery,

    Defendants

DEFENDANTS' ANSWER
TO PLAINTIFFS' AMENDMENT
TO COMPLAINT

    Now come the above-named defendants and answer the numbered paragraphs of the Plaintiffs' Amendment to Complaint ("Amended Complaint") as follows.

    28.    The defendants adopt, repeat and reallege their responses to the allegations set forth in Paragraphs 1 through 27 of the plaintiffs' Complaint, and incorporate them by reference herein.

    29.    This paragraph consists entirely of legal conclusions, and thus does not require an answer. To the extent an answer is required, the averments made therein are denied.

    30.    Admitted.

    31.    Denied.

32. The averments made in the first sentence of paragraph 32 of the Amended Complaint are denied. The defendants are without knowledge or information sufficient to form a belief as to the truth of the averments made in the second sentence of that paragraph.

33. Denied.

34. Denied.

35. The defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

36. Denied.

37. The defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

38. Denied.

39. Denied.

40. Denied.

41. This paragraph consists entirely of legal conclusions, and thus does not require an answer. To the extent an answer is required, the averments made therein are denied.

42. Denied.

The defendants repeat and incorporate herein all five defenses they asserted to the plaintiffs' Complaint, and assert the following additional defenses.

SIXTH DEFENSE

All or substantially all of the claims made by the plaintiffs against the defendants are wholly insubstantial, frivolous and not advanced in good faith, and as a result, the defendants are entitled to reasonable counsel fees as well as other costs and expenses incurred in defending against such claims pursuant to G.L. c.231, §6F, and 42 U.S.C. §1988(b).

SEVENTH DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by their falsity.

EIGHTH DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the plaintiffs' failure to mitigate damages.

NINTH DEFENSE

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the absence of legal responsibility on the part of the defendants.

TENTH DEFENSE

The plaintiffs' equal protection claims should be dismissed for failure to identify others similarly situated to the plaintiffs who received different treatment from the defendants.

ELEVENTH DEFENSE

Plaintiffs' equal protection claims should be dismissed for failure to plead the requisite arbitrary and capricious action unrelated to legitimate municipal purposes.

TWELFTH DEFENSE

The defendants deny any interference with plaintiffs' rights secured by the federal and state constitution.

THIRTEENTH DEFENSE

The defendants deny all of the plaintiffs' allegations of wrongful conduct and state that they were at all relevant times acting in good faith and in reasonable belief that their actions were lawful.

## FOURTEENTH DEFENSE

The actions and conduct of the defendants did not violate any clearly established constitutional or Federal statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

## FIFTEENTH DEFENSE

The actions and conduct of the defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which the defendants were aware, and they enjoy qualified immunity from all liability therefor.

WHEREBY, the defendants demand that the Amended Complaint be dismissed, that judgment be entered in favor of the defendants on all counts, and that said defendants be awarded their costs and reasonable attorney's fees.

DEFENDANTS
By their attorneys,

_/s/ Joel B. Bard_
Joel B. Bard (BBO# 029140)
Jonathan D. Eichman (BBO# 641227)
Kopelman and Paige, P.C.
  Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

265327/MONT/0007

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 11/15/05.

4