UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-30136-MAP

| | |
|---|---|
| DONOVAN BROTHERS, INC., and ELSIE M. LAFOND,<br><br>    Plaintiffs<br><br>v.<br><br>JOSEPH FONTAINE, JOANNE HEBERT and ROBERT W. PIKE, JR., as they are the Zoning Board of Appeals of the Town of Montgomery, and ELWIN R. CLARK, JR., as he is the Building Inspector & Zoning Enforcement Officer of the Town of Montgomery; and WAYNE L. MORSE, Chairman, CHARLES R. PECKHAM, and DANIEL JACQUES, as they are the Board of Selectmen of the Town of Montgomery,<br><br>    Defendants | <u>AFFIDAVIT OF ROBERT W. PIKE, JR.</u> |

I, Robert W. Pike, Jr., being under oath and competent to testify, do depose and state, based upon my personal knowledge, as follows:

1.     I am a duly appointed member of the Zoning Board of Appeals for the Town of Montgomery, Massachusetts ("ZBA"), and was Chairman of the ZBA at all times relevant to the facts attested to herein.

2.     On March 15, 2005, the ZBA opened a public hearing on an appeal brought by Elsie LaFond and Donovan Brothers, Inc., from a cease and desist order issued by the Montgomery Building Inspector on January 13, 2005.

3.     The order required Ms. LaFond to cease operation of a gravel pit on property owned by her off Carrington Road in the Town ("Locus").

4. The ZBA heard evidence from interested parties during the March 15, 2005 public hearing, and at an additional session of the public hearing held on April 14, 2005.

5. Representatives of Ms. LaFond and Donovan Brothers, including the present counsel of the plaintiffs in this matter, appeared at the public hearing and testified in support of the plaintiffs' appeal.

6. Those representatives gave uncontradicted testimony to the ZBA to the effect that Donovan Brothers first began removing gravel from Locus sometime during the 1970's.

7. No other evidence was offered concerning the history of the use of Locus.

8. Ms. LaFond and the Donovan Brothers never requested the ZBA to consider whether the removal of earth materials from Locus was exempt from operation of the Zoning Bylaws because it was a grandfathered use.

9. The ZBA closed the public hearing on April 14, 2005, and voted 2-1 in favor of upholding the Building Inspector's order.

10. In reaching its decision, the ZBA never considered whether the removal of earth materials from Locus was exempt from the Zoning Bylaws because it was a grandfathered use.

11. The ZBA reduced its decision to a writing dated April 18, 2005, setting forth its vote on the appeal and the reasons therefore.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 28th DAY OF NOVEMBER, 2006

Robert W. Pike, Jr.

299691/MONT/0007