UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
DONOVAN BROTHERS, INC., ET AL,   )
         Plaintiffs              )
                                 )
     v.                          ) C.A. 05-30136-MAP
                                 )
JOSEPH FONTAINE, ET AL,          )
         Defendants              )
```

MEMORANDUM AND ORDER RE: DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
AND MOTION TO REMAND
(Dkt. Nos. 46 & 47)

April 9, 2007

PONSOR, D.J.

Plaintiff Donovan Brothers, Inc. is in the excavating business. For some time, the corporation had been taking gravel from a piece of land located in the Town of Montgomery formerly owned by co-plaintiff Elsie M. Lafond. On January 13, 2005, the Building Inspector of the Town of Montgomery ordered Plaintiffs to cease the gravel operation on the ground that it violated the town's zoning bylaws. After a public hearing, the Montgomery Zoning Board of Appeals ("ZBA") upheld the order.

Plaintiffs then appealed this decision to the Hampden County Superior Court pursuant to Mass. Gen. Laws ch. 240A, § 17, naming as Defendants the members of the ZBA and other town officials. Included in the appeal, however, were allegations of violations of Plaintiffs' equal protection rights under the

federal constitution. Based on this, Defendants removed the case to this court.

On November 30, 2006, Defendants filed a Motion for Summary Judgment (Dkt. No. 46); on the same day they filed a motion, in the alternative, to remand the matter to the ZBA. (Dkt. 47).

On March 9, 2007, the court heard argument on both pending motions. At that time, counsel for all parties announced that they had agreed to remand the case to the ZBA. The court expressed reluctance to remand the case, on the ground that the only basis for federal subject matter jurisdiction in the case, the equal protection claim under 42 U.S.C. § 1983, appeared to lack legal support. See Macone v. Town of Wakefield, 277 F.3d 1, 10 (1st Cir. 2002).

Despite the court's misgivings, it ordered the matter remanded to the ZBA on March 13, 2007. However, the court indicated that it would take the Motion for Summary Judgment under advisement and consider whether Plaintiffs had asserted any viable claim to support subject matter jurisdiction in this court.

Having now reviewed the matter, the court finds that Defendants' Motion for Summary Judgment should be allowed. As the First Circuit stated in Creative Env'ts v. Estabrook:

> Every appeal by a disappointed developer from an adverse ruling by a local Massachusetts planning

>    board necessarily involves some claim that the board
>    exceeded, abused or "distorted" its legal authority
>    in some manner, often for some allegedly perverse
>    . . . reason. It is not enough simply to give these
>    state law claims constitutional labels such as
>    . . . "equal protection" in order to raise a
>    substantial federal question under Section 1983.

680 F.2d 822, 833 (1982).

This case falls precisely within the holdings of the <u>Macone</u> and <u>Creative Environments</u> cases. It is a garden-variety piece of litigation seeking review of a ZBA decision. The controversy cannot acquire federal jurisdiction through the incantation of due process or equal protection.

For the foregoing reasons, Defendants' Motion to Remand (Dkt. No. 47) is hereby ALLOWED, pursuant to the court's March 13, 2007 Order. Defendants' Motion for Summary Judgment (Dkt. No. 46) is also hereby ALLOWED. The court orders that this case be remanded to the Superior Court of Hampden County for further proceedings, if needed, following completion of proceedings before the ZBA. Judgment will enter for Defendants. This case may now be closed.

It is So Ordered.

                              /s/ Michael A. Ponsor
                              MICHAEL A. PONSOR
                              United States District Judge